NUMBER 13-01-460-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

ADRIAN ARRIZON,
                                                                                                     Appellant,

v.
 
THE STATE OF TEXAS, 
                                                                                                     Appellee.
                                                                                                                                      

On appeal from the 28th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez and Garza
Opinion by Justice Garza
 
Appellant, Adrian Arrizon, was tried and convicted of capital murder and attempted
capital murder, offenses for which he is currently serving two life sentences in prison. The
trial court denied appellant’s motion for new trial. Appellant appeals his conviction to this
Court on three issues. We find against Appellant on all three issues, and accordingly
affirm the judgment of the trial court.
Illegal Search
          By his first issue, appellant argues that the owner of the house he was residing in
did not have the legal authority to consent to the search of the house. Appellant had been
staying at the home in question for about two months, with the knowledge and permission
of the homeowner, Ninfa de los Santos. De los Santos had previously lived in the home
with her son but had recently moved in with her sister following her son’s incarceration. 
She retained her key to the property and occasionally came by the house unannounced
while appellant was living there. Appellant did not pay rent but had agreed to keep the
home and yard clean.
          Police officers initially came to the home in response to reports that the residence
was being used as a meeting place for juvenile gang members. The officers received
verbal consent for an initial search solely from De los Santos in order to conduct a search
for bodies or people. De los Santos met police officers at the house and used her key to
allow officers access inside the home. While the police were inside the home, appellant,
who was not present initially, arrived at the house. After observing the wooden stock of a
rifle and other suspicious items in the home, the officers obtained written consents for a
broader search from both De los Santos and appellant. Thereafter, the police officers
seized numerous items that were subsequently used against appellant at trial. Appellant
argues that these items were seized illegally and should therefore have been excluded at
trial. His motion to suppress this evidence was denied by the trial judge.
          A trial court’s denial of a motion to suppress evidence is reviewed under a standard
of abuse of discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). 
The appellate court must conduct this review in a light most favorable to the trial court, and
must sustain the trial court’s ruling so long as it is reasonably supported by the record and
is correct on an applicable theory of law. Id.; Rangel v. State, 972 S.W.2d 827, 831 (Tex.
App.–Corpus Christi 1998, pet. ref’d). In reviewing a trial court’s determination regarding
the search of a rented residence, the appellate court may address whether a property
owner’s consent in allowing the police to search the residence is also effective against the
tenant. Franco v. State, 25 S.W.3d 26, 31 (Tex. App.–El Paso 2000, pet. ref’d).
          The United States Supreme Court has held that a warrantless search pursuant to
a third party’s consent is valid if the facts available to the officer at the time of the search
would “warrant a man of reasonable caution in the belief” that the consenting party had
authority over the premises. Illinois v. Rodriguez, 497 U.S. 177, 188 (1990). The Texas
Supreme Court and this court have also agreed that so long as a police officer acts in good
faith on the consent given and makes a reasonable inference from the facts of the
situation, this kind of warrantless search can be considered valid. McNairy v. State, 835
S.W.2d 101, 104 (Tex. Crim. App. 1991). Additionally, the Texas Court of Criminal
Appeals has held that, in informal two-party property relationships such as this, where rent
is not paid and the property owner retains control over and authority to use the home, the
property owner can give valid consent to search without the consent of the current resident.
Balentine v. State, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002); see Garcia v. State, 887
S.W.2d 846, 851-52 (Tex. Crim App. 1994) (permitting a landlord whose agreement with
a tenant allows the landlord to enter the property and store items there to consent to
search of that property by the police, even though the tenant had changed the locks and
maintained exclusive control). A person with “common authority” over property may legally
consent to a police search of that property, even without the knowledge or consent of
another party having access to or use of the property. Franco, 25 S.W.3d at 31. “Common
authority” is established through joint access or control of the property for most purposes. 
Id.
          Trial testimony established that at the time of the initial search, both police officers
believed they were entering a deserted house no longer used as a residence, since the
windows had been boarded up and the owner initially told them no one was living there. 
The homeowner had clearly retained control over and authority to enter the home, as she
used her own keys to open the door where she had installed a lock, and she testified that
she would visit the home unannounced during appellant’s residency. She also reported
that she continued to store items inside the home, including the wooden rifle stock seized
as evidence during the second search, which she testified she had found months earlier.
          Upon completion of the initial search, the police officers wanted to conduct a more
thorough inspection that would extend beyond the parameters of the initial consent. The
officers then obtained written consent from both appellant and the owner. Because the
owner had clearly retained common authority over the property, her continuing consent,
allowing the police to expand the parameters of the initial search, was valid. This was
sufficient for the trial judge to find that the evidence seized by the police during this search
was admissible. Furthermore, the judge did not abuse his discretion in finding that the
homeowner retained common authority over the property and that the officers did in fact
act reasonably in accepting the owner’s verbal consent to the initial search. See Franco,
25 S.W.3d at 31-32. We overrule appellant’s first issue. 
Jury Instructions
          Appellant alleges by his second issue that he was denied due process of law and
the right to a fair jury trial when the trial judge refused the defense team’s tendered jury
instruction, which would have defined prosecution witness Lee Roy Vela as an accomplice
as a matter of law. 
          This Court reviews jury instructions under an abuse of discretion standard. 
Wesbrook v. State, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000). A trial judge has broad
discretion when fashioning a jury charge and only has to accept such suggested
instructions from counsel “as he may deem proper.” Tex. Code Crim. Proc. Ann. art.
36.16 (Vernon 1981). When the judge does not use a requested instruction, the question
on appeal is whether that instruction was reasonable and within the mandates of Tex.
Code Crim. Proc. Ann. art. 38.22 and 38.23 (Vernon 2004). Mendoza v. State, 88 S.W.3d
236, 240 (Tex. Crim App. 2002). 
          An accomplice is a party who participates before, during or after the commission of
the crime, and who could be prosecuted for the same offense as the defendant or for a
lessor included offense. Blake v. State, 971 S.W.2d 451, 454-55 (Tex. Crim. App. 1998);
Ex Parte Zepeda, 819 S.W.2d 874, 875-76 (Tex. Crim. App. 1991). A party is not
considered an accomplice for knowing about the crime and failing to report it to authorities,
or even concealing it. Blake, 971 S.W.2d at 454. Article 38.14 of the Texas Code of
Criminal Procedure establishes how accomplice testimony is to be used as trial: “A
conviction cannot be had upon the testimony of an accomplice unless corroborated by
other evidence tending to connect the defendant with the offense committed, and the
corroboration is not sufficient if it merely shows the commission of the offense.” Tex. Code
Crim. Proc. Ann. art. 38.14 (Vernon 1979).
          It has been well established for over a century in this state that whenever “there is
a question whether a witness is an accomplice, it is proper to submit that issue to the jury,
and this is sufficient even though the evidence appears to preponderate in favor of the
conclusion that the witness is an accomplice as a matter of law.” Harris v. State, 645
S.W.2d 447, 454 (Tex. Crim. App. 1983); see Blake, 971 S.W.2d at 455; Smith v. State,
229 S.W. 523, 526 (Tex. Crim. App. 1921); Powell v. State, 57 S.W. 95, 96 (Tex. Crim.
App. 1900). Only when the evidence clearly and convincingly shows that the witness is an
accomplice as a matter of law is the judge bound to instruct the jury of this fact. Harris,
645 S.W. 2d at 454; see DeBlanc v. State, 799 S.W.2d 701, 708 (Tex. Crim. App. 1990); 
Fields v. State, 426 S.W.2d 863, 864 (Tex Crim App. 1968); Mora v. State, 197 S.W.2d
209, 211 (Tex. App. – Corpus Christi 1990, pet. ref’d); Sexton v. State, 51 S.W.3d 604,
613-14 (Tex. App.-Tyler 2000, pet. ref’d). The trial court is under no duty to instruct the jury
unless there is no doubt or the evidence clearly shows that a witness is an accomplice
witness as a matter of law. Kutzner v. State, 994 S.W.2d 180, 187 (Tex. Crim. App. 1999). 
          In this case, there was testimony from two accomplices, and the jury was
accordingly instructed on how to properly weigh their testimony. However, Lee Roy Vela,
the prosecution witness in question, was not charged in the crime, nor was he ever a
serious target of the police investigation. He was not at the scene of the crime, did not
know it had occurred until some time later, and was present only at the inchoate planning
stages. He testified that he had not assisted with or approved of the planned offense, and
was not a member of the gang that had carried out the shooting. The evidence was
insufficient to charge Vela as an accomplice as a matter of law. See Herron v. State, 86
S.W.3d 621, 631 (Tex. Crim. App. 2002) (citing Ex Parte Zepeda, 819 S.W.2d 874, 876
(Tex. Crim. App. 1991)). Thus, the question of his involvement and relative culpability
remained one of fact, and therefore was appropriately handled by the jury, not the judge. 
 While the judge did not instruct the jury specifically on the difference between
accomplices-in-law and accomplices-in-fact, the charge included the definition of the term
“accomplice,” was otherwise fair and met the considerations established in Harris, Mora,
and the other authority previously cited. See Navarro v. State, 863 S.W.2d 191, 201 (Tex.
App. –Austin 1993, pet. ref’d) (“If witness is not an accomplice witness, no instruction need
be given.”). We conclude, therefore, the requested charge was not necessary to enable
the jury to render a proper verdict, and there was no abuse of discretion by the trial judge. 
Appellant’s second issue is overruled.
Admissibility
          In his third issue, appellant argues that a gruesome photograph of the victim should
not have been admitted, as it was substantially more prejudicial than probative and was
unnecessary to prove any element of the State’s case. 
          An appellate court reviewing a lower court’s ruling on the admissibility of evidence
must apply an abuse of discretion standard of review, and must examine the trial judge’s
ruling in the context of the other evidence presented at trial. Weatherred v. State, 15
S.W.3d 540, 542 (Tex. Crim. App. 2000). A gruesome photograph of a victim of a violent
crime is not rendered inadmissible as evidence simply because of its gruesomeness and
accompanying emotional effect on the jury; instead, the controlling factor on admissibility
is whether the probative value of the photograph as evidence outweighs its potentially
prejudicial effect, which the trial judge has the discretion to determine. Tex. R. Evid. 403; 
Fuentes v. State, 846 S.W.2d 527, 529 (Tex. App–Corpus Christi 1993, pet. ref’d); Reimer
v. State, 657 S.W.2d 894, 898 (Tex. App.–Corpus Christi 1983, no pet.).
          Probative value is established if the photograph is needed to support the
observations and conclusions of pathologists or medical examiners, or to otherwise
corroborate evidence presented at trial. Lewis v. State, 505 S.W.2d 603, 604 (Tex. Crim.
App. 1974). For example, in Ward v. State, 787 S.W.2d 116, 120 (Tex. App.–Corpus
Christi 1990, pet. ref’d), a photograph that depicted the head of the child victim and
indicated entry of the bullet was admissible to reveal the manner of death. Id. Indeed,
photographic evidence, however gruesome, is rarely excluded as overwhelmingly
prejudicial; the rare cases in which such evidence has been excluded involved extremely
gruesome photographs of previous or unrelated crimes. See Jones v. State, 111 S.W.3d
600, 608 (Tex. App.–Dallas 2003, pet. ref’d), Potter v. State, 74 S.W.3d 105, 113 (Tex.
App.–Waco 2002, no pet.).
          Appellant disputes the necessity of the photograph and argues that it was simply
used to incite the passions of the jury. However, the trial record shows that the photograph
of the victim’s head was used to both corroborate the testimony of the Nueces County
medical examiner regarding the caliber of the weapon used and the fact that the victim had
been facing the shooter, and the testimony of an accomplice as to what the appellant had
told him occurred during the shooting.


 No other less gruesome photograph admitted into
evidence would have accomplished this, as this was the only photograph documenting the
head wound. Thus, the trial court did not abuse its discretion in admitting the disputed
photograph into evidence. We overrule appellant’s third issue.  Conclusion
          Accordingly, we affirm the judgment of the trial court. 
________________________
DORI CONTRERAS GARZA,
 Justice

Do not publish.
Tex. R. App. P. 47.2(b).
Opinion delivered and filed 
this 26th day of February, 2004.