NUMBER 13-02-542-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

ALBERT STRONG, JR.,                                                              Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 197th District Court of Cameron County, Texas.
                                                                                                                      

O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Garza
 
Appellant, Albert Strong Jr., was tried and convicted by a jury of two counts of
aggravated sexual assault, and received a sentence of forty years in the Texas Department
of Criminal Justice - Institutional Division and a $20,000 fine. He now appeals his
conviction on eight issues: (1) a visiting judge, over objection by a defendant, may not
hear the trial of a criminal cause; (2) appellant’s right to due process was violated when the
trial court instructed the State on how to properly introduce appellant’s alleged prior
inconsistent statement; (3) the trial court erred when it admitted prior-inconsistent-statement testimony; (4) the trial court erred when it admitted evidence seized from
appellant’s vehicle; (5) the failure of the state to disclose newly discovered evidence
requires that appellant be granted a new trial; (6) the trial court’s instruction to the jury that
sentences would run concurrently was reversible error; (7) the trial court erred in re-opening argument on punishment; and (8) the admission of numerous inflammatory
photographs of the victim violated appellant’s right to a fair trial. We overrule appellant on
all eight issues and affirm the judgment of the trial court. Background
The victim, M. M., was found wandering the streets of Brownsville around 2 a.m. on
the morning of June 12, 2002. She was naked from the waist down, shoeless, and crying. 
A married couple passing by in their car convinced her to come home with them. She told
the couple that she had just been raped and had escaped from her attacker; the husband
immediately contacted authorities. M. M. was taken to a hospital for an examination, and
photographs were taken of her injuries. The investigating officer later took M. M.’s
statement, which included a description of her assailant and his vehicle where she was
attacked and repeatedly raped. She also stated that she had illegally entered the country
from Mexico the day before, had run away from the establishment where she had intended
to work, and had met appellant on the street. He had offered her a ride to Brownsville in
order to help her find her way back to Mexico. M. M. claimed that she had never met
appellant prior to that night. 
The police officer drove M. M. around Brownsville and she identified several
locations where she had been raped. After an anonymous tip to the police crimestopper’s
hotline identified appellant as M. M.’s assailant, the police set up a photographic line-up
that included appellant’s picture. M. M. identified appellant as her assailant. An arrest
warrant was obtained, and appellant was arrested at his apartment in San Benito. His car
was also seized and searched, and a bag of M. M.’s clothes was given to police by
appellant’s wife.
Appellant testified at trial that he had known M. M. for several months, as she had
been in the country illegally for some time, and that they had been having an affair for
several weeks. He claims she came to his apartment in San Benito on the night in
question and they engaged in consensual sex, after which she left the apartment on her
own. He heard nothing further about M. M. until the police came to his apartment several
days later and arrested him.
Visiting Judges 
By his first issue, appellant argues that because his counsel objected to the
appointment of a visiting judge to preside over his trial, the trial court had no authority to
hear the case. Appellant acknowledges that section 74.053(b) of the government code,
which permits civil litigants to refuse assignment of former judges automatically, does not
apply to criminal defendants. Tex. Gov’t Code Ann. § 74.053(b) (Vernon Supp. 2004); see
State ex rel. Rodriguez v. Marquez, 4 S.W.3d 227, 228 (Tex. Crim. App. 1999) (orig.
proceeding) (judge erred by removing himself pursuant to section 74.053(b) in a criminal
case). Appellant also acknowledges that the Garcia v. State opinion from this Court upheld
section 74.053(b) as constitutional under the equal protection clause. Garcia v. State, 877
S.W.2d 809, 811-12 (Tex. App.–Corpus Christi 1994, pet. ref’d). In Garcia, this Court
concluded that the statute was rationally related to a legitimate state interest and as such
could stand. Id. at 811. However, appellant argues that this emphasis on equal protection
in Garcia was incorrect, and the true constitutional issue for our consideration is whether
the legislature has the power to grant to others what it itself cannot do. 
Appellant argues that because the legislature only has the constitutional power to
establish new courts other than district courts, see Tex. Const. art. V § 1, and district
courts have exclusive jurisdiction of all actions except in certain specific cases, see Tex.
Const. art. V § 8, the legislature could not constitutionally create section 74.053(b) of the
government code, because by invoking it a party can strip a court of its constitutionally-mandated jurisdiction. Appellant has confused the powers of an individual judge with the
jurisdiction of a court. By invoking section 74.053(b), a party does not change or limit the
jurisdictional reach of the district court, but merely exchanges one judge sitting in the court
for another judge. See Tex. Gov’t Code Ann. § 74.053(b).
Appellant also cites article 5, section 7 of the Texas Constitution in support of his
constitutional argument against section 74.053(b), which notes that “each district judge
shall be elected by the qualified voters at a General Election.” However, this section also
includes a grant of administrative power to the legislature, noting “the Legislature shall also
provide for the holding of district court when the judge is absent, or is from any cause
disabled or disqualified.” Tex. Const. art. V § 7. Section 74.053, which allows temporary
judges to be appointed by the legislature and objected to by parties, is part of the
legislature’s procedural response to this constitutional grant of power. Moreover, this entire
constitutional argument is misplaced as appellant has conceded that section 74.053(b)
clearly only applies in civil cases, and any limitation or disapproval of this statute by this
Court would not affect appellant’s criminal appeal. Accordingly, we overrule appellant’s
first issue.
Judicial Conduct
By his second issue, appellant argues that the judge abandoned his role as an
independent arbiter and assisted the State with its prosecution by explaining how to
present rebuttal evidence. Appellant claims that this assistance by the judge violates both
his right to due process under the Fourteenth Amendment of the United States Constitution
and to due course of law under article 1, section 19 of the Texas Constitution. 
Article 38.05 of the code of criminal procedure requires that
In ruling upon the admissibility of evidence, the judge shall not
discuss or comment upon the weight of the same or its bearing in the
case, but shall simply decide whether or not it is admissible.
 
Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979). Comments from the bench must
therefore be limited. However, in order to constitute reversible error, any unauthorized
comments must be reasonably calculated to benefit the State or prejudice a defendant’s
rights. See Guzman v. State, 923 S.W.2d 792, 799 (Tex. App.–Corpus Christi 1996, no
pet.) (judge’s comment to defendant, “You’re still a junkie, man,” did not detrimentally affect
defendant’s rights); Brokenberry v. State, 853 S.W.2d 145, 153 (Tex. App.–Houston [14th
Dist.] 1993, pet. ref’d) (judge’s comments to the jury providing instructions and noting that
defendant’s objection was groundless failed to detrimentally affect defendant’s rights). A
judge can lawfully provide guidance and manage the presentation of evidence from the
bench without abandoning his role as an independent arbiter. See Tex. R. Evid. 611(a)
(“The court shall exercise reasonable control over the mode and order of interrogating
witnesses and presenting evidence.”). 
           The testimony that is the source of this complaint occurred as follows. The State
was about to present a witness who would rebut some of appellant’s testimony. Out of the
presence of the jury, appellant objected under rule 613, arguing that he was not given the
opportunity to deny or explain making the statement. See Tex. R. Evid. 613. The State
argued that this was a rebuttal witness only and therefore such foundation was
unnecessary. The judge replied that in accordance with rule 613 appellant should be
called back to the stand to hear about the statement being used to impeach him and either
explain or deny it. At this point, appellant’s counsel objected and said he would instruct his
client not to speak if recalled to the stand. The judge responded: “If you wish to resist your
client going back on the stand, I will permit the State to put on the evidence independent
of re-calling him to follow the provisions of Rule 613.” 
          Appellant’s counsel replied, “The court is telling the State to proceed how to [sic] get
their evidence that should not be allowed in right now because of Rule 613. You are
instructing the State to re-call my client, put him on the stand, and then that’s how they can
get it in.” The judge answered:
You have used the word ‘instruct.’ I think that’s playing a little casual
with accuracy. But nevertheless, it will either be that the State’s
rebuttal witness will be allowed to testify, although it might be
inconsistent with the provisions of rule 613, or they can re-call your
client and go through the procedures of rule 613. If [appellant] admits
making a mistake, then the rebuttal evidence doesn’t come in.
 
          Under the rules of evidence and criminal procedure, a trial judge can make
comments regarding whether or not testimony can be allowed. Tex. R. Evid. 611(a); Tex.
Code Crim. Proc. Ann. art. 38.05 (Vernon 1979). The primary concern is whether the jury
would be unfairly influenced by additional comments from the bench. See Guzman, 923
S.W.2d at 799; Brokenberry, 853 S.W.2d at 153. These comments about the admissibility
of the State’s rebuttal witness were made outside the presence of the jury. Therefore, this
concern is rendered moot. Furthermore, the statements from the bench do not indicate
any assistance was given to the State. The judge was presented with an admissibility
question under rule 613 and made a decision which left appellant with the choice of
returning to the stand to preclude the testimony of the State’s witness or remaining silent
and relying on his original statement. Thus, we find no error in the trial judge’s comments
to counsel outside of the presence of the jury. Appellant’s second issue is overruled.
Admission of Impeachment Testimony
          By his third issue, appellant claims that the admission of testimony from Arturo
Cariaga, which impeached appellant’s own prior statement, violated rule 613 and harmed
appellant such that he is entitled to a new trial. 
          Under the rules of evidence, a prior inconsistent statement of a witness may not be
admitted until the witness is told the contents of the prior statement as well as the time and
the place and the person to whom it was made, and is given an opportunity to explain or
deny the statement. Tex. R. Evid. 613(a); Alvarez-Mason v. State, 801 S.W.2d 592, 595
(Tex. App.–Corpus Christi 1990, no pet.). However, when the out-of-court statement is
made not by a witness but by a party, rule 613 no longer applies, contrary to the argument
of appellant. Such statements are actually governed by rule 801(e)(2)(A), which provides
that a statement is not hearsay if it is offered against a party and is that party’s own
statement. See Tex. R. Evid. 801(e)(2)(A). This rule, and not rule 613, applies because
“out-of-court statements of a party differ from the out-of-court statements of non-parties,
and raise different evidentiary concerns.” Trevino v. State, 991 S.W.2d 849, 853 (Tex.
Crim. App. 1999). A party’s own statement inculpating himself are admissible as non-hearsay “on the logic that a party is estopped from challenging the fundamental reliability
or trustworthiness of his own statements.” Id. 
          Cariaga, the State’s impeachment witness, testified that Strong had come to work
the day after the rape allegedly occurred and described to his co-worker picking up a girl,
driving her to Brownsville and having rough sex with her in his vehicle. Cariaga also
testified that appellant described the car seat which he claimed was broken by the
vigorousness of the encounter. This testimony reflected major portions of M. M.’s
testimony and was inconsistent with appellant’s own description of the evening. Appellant
had previously testified that on the evening in question, he had been drinking with several
friends from work and then engaged in consensual sex with M. M. in his apartment.
However, appellant’s out-of-court statement to Cariaga, when repeated by Cariaga in court
and under oath, was clearly not hearsay and thus its admission, even though erroneously
described by the trial judge as occurring under rule 613, was proper under rule 802(e)(2)(A)
and did not violate appellant’s constitutional rights. 
          We conclude that Cariaga’s testimony regarding appellant’s statement was
permissible under rule 801(e)(2)(A). Accordingly, we overrule appellant’s third issue. Automobile Search
          Appellant argues by his fourth issue that the trial court erred in overruling his motion
to suppress and admitting evidence illegally seized from his automobile as a search
incident to arrest. He claims this could not have been a search incident to arrest as he was
not in the vehicle and the vehicle was parked when the arrest occurred. Also, the vehicle
was not searched at the scene of the arrest but rather was impounded by the Brownsville
Police Department and searched several days later. A yellow t-shirt, which M. M. identified
as belonging to her assailant, was seized from the vehicle and admitted as evidence. 
          The decision whether to admit evidence lies in the sound discretion of the trial court. 
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). The trial court may accept
or reject any or all of a witness’s testimony or evidence offered in making this decision. 
Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993).
          In reviewing a trial court’s decision, this Court does not engage in its own factual
review but rather determines only whether the record supports the trial court’s findings. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). This Court will view the
record evidence and all reasonable inferences drawn therefrom in the light most favorable
to the trial court’s ruling on a motion to suppress. Villarreal, 935 S.W.2d at 138. We will
sustain the trial court’s ruling if it is reasonably supported by the record and is correct on
any applicable theory of law. Id.
          While a warrantless search is presumptively unreasonable under the fourth
amendment, see Horton v. California, 496 U.S. 128, 133 n.4 (1990), the rule is well-established that failure to obtain a search warrant is excusable under both the United
States and Texas Constitutions where the search is incident to a lawful arrest. See Clark
v. State, 548 S.W.2d 888, 889 (Tex. Crim. App. 1977). Officers are entitled to search the
area within the arrestee’s immediate control for weapons or evidence. See Chimel v.
California, 395 U.S. 752, 763 (1969). As part of this exception to the warrant requirement,
when a lawful arrest of a vehicle’s occupant has been made, the police may search the
passenger compartment of that vehicle as incident to arrest. New York v. Belton, 453 U.S.
454, 460 (1981); Gary v. State, 647 S.W.2d 646, 647 (Tex. Crim. App. 1982). The
arrested party does not have to actually be in the car at the moment of arrest; the police
can conduct this search when the arrested party was a recent occupant of the vehicle at
the time of the arrest. Thornton v. United States, 2004 U.S. LEXIS 3681, at *13 - 14 (May
24, 2004); State v. Kelly, 963 S.W.2d 866, 869 (Tex. App.–San Antonio 1998, no pet.);
Pettigrew v. State, 908 S.W.2d 563, 570 (Tex. App.–Fort Worth 1995, pet. ref’d). However,
the search must occur contemporaneously with the arrest. Stoner v. California, 376 U.S.
483, 486 (1964); Stine v. State, 787 S.W.2d 82, 85-86 (Tex. App.–Waco 1990, pet. ref’d).
          The State does not dispute the fact that the search of the car and subsequent
seizure of appellant’s t-shirt occurred significantly after the arrest. Thus, it was error for the
trial court to admit the t-shirt into evidence as it was not lawfully obtained during a search
incident to arrest and its admission constitutes a violation of appellant’s fourth amendment
rights. However, the State argues that any error in admitting the t-shirt was harmless. 
          In conducting a harmless error review, we will reverse the judgment of the trial court
when we find that a constitutional error contributed to the conviction or punishment of the
defendant. Tex. R. App. P. 44.2 (a); see Hernandez v. State, 60 S.W.3d 106, 108 (Tex.
Crim. App. 2001) (holding that the harm analysis of rule 44.2(a) was required to analyze
the erroneous admission of evidence obtained in violation of the Fourth Amendment). In
assessing the likelihood that the jury’s decision was adversely affected by the error, the
appellate court should consider everything in the record, including any testimony or
physical evidence admitted for the jury’s consideration, the nature of the evidence
supporting the verdict, and the character of the alleged error. See Motilla v. State, 78
S.W.3d 352, 355 (Tex. Crim. App. 2002).
          At trial, appellant’s t-shirt was used to show that appellant was in fact M. M.’s
assailant. M. M. had, however, already identified appellant separately in a photographic
line-up and in court. The t-shirt thus was not used except to further support the
identification of appellant by M. M.. Its inclusion was not necessary to the State’s case. 
Appellant’s own version of events, that claimed he and M. M. had engaged in consensual
sex multiple times, provides an alternative and plausible reason why M. M. could identify
the shirt as belonging to him: she had seen him wearing it before. As the t-shirt was not
especially probative or helpful evidence, it was not particularly emphasized by either party
at trial, and the State relied on other evidence to meet its burden of proof. 
          Having fully considered the effect and use of the t-shirt, we must conclude that the
error in its admission was harmless. Therefore, we overrule appellant’s fourth issue on
appeal.
Newly Discovered Evidence
          By his fifth issue, appellant argues that newly discovered evidence that the State
failed to disclose prior to trial requires that he be granted a new trial. 
          According to the code of criminal procedure, “A new trial shall be granted an
accused where material evidence favorable to the accused has been discovered since
trial.” Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon Supp. 2004); see Brady v.
Maryland, 373 U.S. 83, 87 (1963) (suppression of evidence favorable to the accused is a
due process violation). The party who moves for a new trial based on newly discovered
evidence must satisfy a four-part test: (1) the newly discovered evidence was unknown or
unavailable to the movant at the time of his trial; (2) the movant’s failure to discover or
obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible
and is not merely cumulative, corroborative, collateral, or impeaching; and (4) the new
evidence is probably true and will probably bring about a different result in another trial. 
Keeter v. State, 74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002); Henderson v. State, 82
S.W.3d 750, 755 (Tex. App.–Corpus Christi 2002, pet. ref’d). 
          The trial court has the discretion to determine whether newly discovered evidence
should result in a new trial, and its decision will not be disturbed on appeal absent a
showing of abuse of discretion. Keeter, 74 S.W.3d at 37. This Court therefore cannot
substitute its judgment for that of the trial court, but rather must examine the record to
determine whether the trial court refused to grant the new trial without reference to any
guiding rules or principles. See State v. Blanco, 953 S.W.2d 799, 801 (Tex. App.–Corpus
Christi 1997, pet. ref’d).
          Appellant here argues that a sexual device found in the bag containing M. M.’s
clothing given to detectives by appellant’s wife at the scene of appellant’s arrest qualifies
as newly discovered evidence. The sexual device was never mentioned by the custodian
of the evidence when he testified at trial and was not listed on the police record admitted
into evidence that reportedly listed all items found. The State photographed the complete
contents of the bag, including the device, but admitted it chose not to use those
photographs at trial. Prosecutors claimed they had no knowledge of the device and had
never noticed it in the bag of evidence prior to closing arguments. 
          It is clear from the record that the second prong of the test can be satisfied by
appellant, as it was not a lack of diligence on his part that kept him from obtaining or
discovering the device. Keeter, 74 S.W.3d at 36. However, appellant is unable to satisfy
any of the remaining three prongs of the Keeter test for a new trial. Appellant argued in
his motion for a new trial that the sexual device would have been used to “corroborate the
defendant’s testimony of his relationship with the victim and/or to impeach the officers
regarding their collection of evidence and their holding of the evidence in secure lockers.” 
His only arguments for the admission of the evidence were based on using it to impeach
or corroborate. This fails the third prong of the Keeter test, i.e., the new evidence is
admissible and is not merely cumulative, corroborative, collateral, or impeaching. Id. at 37. 
This would also fail the fourth prong, i.e., the new evidence is probably true and will
probably bring about a different result on another trial, because it would be impossible to
conclusively trace the device to M. M. as it was obtained from appellant’s wife, and it would
not change the result of the trial if admitted. Id. M. M.’s testimony was that she was raped
repeatedly and fled the car half-dressed; the presence or absence of a sexual device
would not change any aspect of that story. Finally, the first prong, i.e., the newly
discovered evidence was unknown or unavailable to the movant at the time of his trial, was
not satisfied. Id. at 36. If appellant attempted to use the device as evidence of his
consensual sexual relationship with M. M., he would have to explain that he knew of or
used the device with her. See Molinar v. State, 910 S.W.2d 572, 583 (Tex. App.–El Paso
1995, no pet.) (if the newly discovered evidence is to be believed, appellant must have had
personal knowledge of it before trial, meaning it could not then be newly discovered). This
argument would require him to admit that the device was not unknown to him at the time
of trial and he would fail the first prong. 
          Given appellant’s failure to satisfy the test for newly discovered evidence, we find
no abuse of discretion by the trial court and accordingly, overrule appellant’s fifth issue. 
Jury Instructions
          By his sixth issue, appellant argues that the trial court’s instruction to the jury that
appellant’s sentences would run concurrently constitutes reversible error.
          The rule for communications between a judge and jury regarding concurrent and
consecutive sentencing is controlled by McGowan v. State, 664 S.W.2d 355, 358 (Tex.
Crim. App. 1984). In McGowan, the Texas Court of Criminal Appeals held that such
communication, “although not made in compliance with provisions of the statutes, which
does not amount to an additional instruction by the court upon the law or some phase of
the case, does not constitute reversible error.” Id.; see also Haliburton v. State, 578
S.W.2d 726, 729 (Tex. Crim. App. 1979). In Haliburton, the court explained its reasoning
further: 
Knowledge that the sentences would run concurrently is a two-edged sword.
The information could have been used to increase the punishment or, just
as easily, used to reduce the number of years to reduce excessive
punishment. We cannot determine from the record which path the jury took
and, with these alternatives, harm will not be presumed.
 
Haliburton, 578 S.W.2d at 728. 
          Appellant, relying on Gordon v. State, 633 S.W.2d 872, 878 n.16 (Tex. Crim. App.
1982), challenges the court’s response to a question sent out by the jury after it had begun
deliberations. The note read: “Will the sentences run concurrently or subsequently -
consecutively?” Over the objection of appellant, the trial court answered, “The sentences
will be served concurrently.”
          The court’s answer was clearly in accord with the instructions found not to constitute
reversible error in McGowan and Haliburton. Also, the Gordon decision upon which
appellant relies actually applied the rule of Haliburton and provides no further reason as
to why we should reverse on these grounds. Gordon, 633 S.W.2d at 879. Therefore, we
refuse to presume harm and overrule appellant’s sixth issue. 
Reopening of Argument
          Appellant argues in his seventh issue that the trial court erred in re-opening
argument on punishment. The trial court followed up on its oral response to the jury’s
question on whether appellant’s sentences would run consecutively or concurrently by
briefly re-opening argument by counsel. Counsel for each side was able to present brief
arguments to the jury regarding appropriate punishment.  
          Under Texas criminal procedure, once the jury has been charged, “no further charge
shall be given to the jury unless . . . the judge shall, in his discretion, permit the introduction
of other testimony.” Tex. Code Crim. Proc. Ann. art. 36.16 (Vernon 1981). Because the
decision of whether to re-open a case lies within the sound discretion of the trial court, we
will review the decision for abuse of discretion. Zayas v. State, 972 S.W.2d 779, 792 (Tex.
App.–Corpus Christi 1998, pet. ref’d). 
          When the trial court was considering re-opening argument from counsel regarding
the concurrently-running sentences, counsel for appellant argued in favor of either not
answering the jury’s instruction or having additional argument. Counsel for appellant
specifically stated, “Without me having the opportunity to clarify that issue based on the
new instructions we have not been able to argue to the jury, I feel that would be prejudicial
to my client, and I would object to it. Or in the alternative, allow me to reargue the case.” 
The judge did allow counsel opportunity for re-argument, which counsel acted upon. 
          It is clear from the record that counsel for appellant made no objection to the trial
court’s re-opening of argument and in fact suggested this alternative to the court. This
precludes appellant from arguing on appeal that the trial court’s decision was error. See
Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (“If a party affirmatively seeks
action by the trial court, that party cannot later contend that the action was error.”). 
Counsel also failed to properly preserve this complaint for appeal, having made no
objections on point. See Tex. R. App. P. 33.1. Therefore, this objection was not properly
preserved at trial, and argument is now waived. Appellant’s seventh issue on appeal is
overruled. 
Admission of Photographic Evidence
          By his eighth issue, appellant argues that the trial court erred by admitting several
photographs of the victim’s injuries in violation of the rules of evidence. 
          An appellate court reviewing a lower court’s ruling on the admissibility of evidence
must apply an abuse of discretion standard of review. Santellan v. State, 939 S.W.2d 155,
172 (Tex. Crim. App. 1997). A gruesome or inflammatory photograph of a victim is not
rendered inadmissible as evidence simply because of its emotional effect on the jury;
instead, the controlling factor on admissibility is whether the probative value of the
photograph as evidence outweighs its potentially prejudicial effect, which the trial judge has
the discretion to determine. Tex. R. Evid. 403; see Fuentes v. State, 846 S.W.2d 527, 529
(Tex. App.–Corpus Christi 1993, pet. ref’d). Factors that the court should consider in
making this determination include the number of photographs offered, their gruesomeness,
their detail, their size, whether they are in color or in black and white, whether they are
close-up shots, whether the body is naked or clothed, the availability of other means of
proof, and other circumstances unique to the individual case. Santellan, 939 S.W.2d at
172; Morales v. State, 897 S.W.2d 424, 428 (Tex. App.–Corpus Christi 1995, pet. ref’d). 
          Probative value is established if the photograph is needed to support the
observations and conclusions of medical examiners or to otherwise corroborate evidence
presented at trial. See Lewis v. State, 505 S.W.2d 603, 604 (Tex. Crim. App. 1974). 
Sufficient probative value may also be established if the photographs are few in number,
depict the wounds inflicted, and were the subject of testimony at trial. Williams v. State,
958 S.W.2d 186, 196 (Tex. Crim. App. 1997).
          Appellant objected to four photographs, all of which depict injuries to M. M.’s genital
area. He did not object to a fifth photograph showing the same injuries. The photographs
were of average size, in color, and few in number. These injuries had been testified to by
M. M., but because they had healed by the time of trial, there were no other available
means to demonstrate that they had been sustained, as no other witnesses testified to
having observed the injuries. While M. M. was naked in the photographs and the pictures
were close-up shots, this was necessary given the nature of the injuries, i.e., a series of
bites on the genital area. See Ashcraft v. State, 918 S.W.2d 648, 655-56 (Tex.
App.–Waco 1996, pet. ref’d) (admission of photographs of genitals to show injury from
sexual assault was not a rule 403 violation). Thus, we find that the probative value of these
four photographs outweighs their potentially prejudicial effect, and the trial court did not
abuse its discretion by allowing their admission into evidence. Accordingly, appellant’s final
issue is overruled, and we affirm the judgment of the trial court.
   
 
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Publish.
Tex.R.App.P. 47.2(b)
Opinion delivered and filed 
this the 10th day of June, 2004.