NUMBER 13-02-274-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

KIRE McCALVIN,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 117th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Kire McCalvin, was indicted for capital murder. See Tex. Pen. Code
Ann. § 19.03 (Vernon Supp. 2004). The indictment further contained allegations that
appellant was a habitual felony offender. Appellant pleaded "not guilty" and was tried
by a jury. The jury found appellant guilty of capital murder as alleged in the
indictment. The State did not seek the death penalty. See Tex. Code Crim. Proc. Ann.
art. 37.071, § 1 (Vernon Supp. 2004). Accordingly, the trial court assessed
punishment at life in the Texas Department of Criminal Justice, Institutional Division. 
Appellant appeals from that judgment. Appellant's attorney filed a brief in which he
concluded the appeal is wholly frivolous and without merit.


 Appellant has filed a pro
se brief asserting six issues. The trial court has certified that this case "is not a plea-bargain case, and the defendant has the right of appeal." See Tex. R. App. P.
25.2(a)(2). We affirm the trial court's judgment.
         Because all issues of law are settled in this case, this memorandum opinion only
advises the parties of the Court's decision and the basic reasons for it. See id. at
47.4.
I. Anders Brief
         Appellant's court-appointed attorney concluded the appeal is frivolous. See
Anders v. California, 386 U.S. 738, 744 (1967). "An Anders brief must provide
references to both legal precedent and pages in the record to demonstrate why there
are no arguable grounds to be advanced." Gearhart v. State, 122 S.W.3d 459, 464
(Tex. App.–Corpus Christi 2003, no pet.) (citing High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. [Panel Op.] 1978)). Although the briefing in this case does not
advance any arguable grounds of error, it does present a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced. Id. (citing
Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974)); see High, 573 S.W.2d
at 812. With citation to relevant legal precedent and the record, the attorney
professionally evaluated jurisdiction, pretrial proceedings, voir dire, opening statement,
sufficiency of the evidence, jury argument, return of the verdict, the punishment
phase, the trial court's judgment, and the effectiveness of trial counsel. We conclude
the original and supplemental briefs meet the requirements of Anders. Anders, 386
U.S. at 744-45; see High, 573 S.W.2d at 812. Furthermore, counsel informed this
Court that: (1) he diligently reviewed the record for error; (2) he was unable to find
any error which would arguably require a reversal of the trial court's judgment; (3) in
his professional opinion, the appeal is without merit; (4) he served a copy of this brief
on appellant; (5) a complete copy of the appellate record was forwarded to appellant;
and (6) he informed appellant of his right to file a brief on his own behalf. See Anders,
386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim.
App. 1991); High, 573 S.W.2d at 813.
II. Pro Se BriefAppellant filed a pro se brief and, by six issues, complains of the following: (1)
insufficient evidence to show he killed the deceased in the course of committing
robbery; (2) the voluntariness of his confession; (3) the trial court's denial of a jury trial
on the issue of punishment; (4) the trial court's refusal to provide an instruction on the
lesser included offenses of voluntary manslaughter and involuntary manslaughter; (5)
charge error; and (6) ineffective assistance of counsel.
A. Evidence to Support Robbery Element
         By his first issue, appellant challenges the sufficiency of the evidence to support
his conviction for capital murder, specifically claiming there was insufficient evidence
to support the robbery element of that offense. See Tex. Pen. Code Ann. § 19.03(a)(2)
(Vernon Supp. 2004), § 29.02 (Vernon 2003). The Texas Court of Criminal Appeals,
however, continues to affirm the general rule that a theft occurring immediately after
an assault will support an inference that the assault was intended to facilitate the
theft. Cooper v. State, 67 S.W.3d 221, 224 (Tex. Crim. App. 2002); McGee v. State,
774 S.W.2d 229, 234 (Tex. Crim. App. 1989). Even if there is no other evidence of
a nexus, that inference will support a conviction and will not be negated by evidence
of an alternative motive that the jury could rationally disregard. Cooper, 67 S.W.3d
at 224.
         Without citation to the record, appellant asserts that in his confession and at
trial, he stated he only took the deceased's coins and money as an afterthought, that
the assault occurred out of self-defense and fear. However, appellant also testified
that immediately after stabbing and killing the victim, he stole the victim's money. 
Appellant testified he "took the money that [the victim] had in his wallet because it
was laying by his body and a handful of change, some change," and he took a $50 bill
the victim had in his hand. On cross-examination, when asked if he was too scared
and nervous to steal the money from [the victim's] wallet, appellant answered, "No,
sir." We conclude that evidence of the theft occurring immediately after the assault
was sufficient to support an inference that the assault was intended to facilitate the
theft; the evidence was sufficient for the jury to infer a nexus. See id.
         Additionally, appellant asserts that by virtue of the "voucher rule" the State was
specifically required to disprove the assertions made in his statement to police
whereby he claimed that he killed the victim in self-defense and then stole his
property. Formerly, under the "voucher rule," the State was bound by statements
which it introduced. See Palafox v. State, 608 S.W.2d 177, 181 (Tex. Crim. App.
1979). This, however, is no longer the rule in Texas. See Tex. R. Evid. 177; Russeau
v. State, 785 S.W.2d 387, 380 (Tex. Crim. App. 1990). Since the rejection of the
"voucher rule," courts have held that the State is not bound by statements which it
introduces. Russeau, 785 S.W.2d at 390.
         Appellant's first issue is overruled.
B. Voluntariness of Confession
         Appellant contends, by his second issue, that the trial court erred in not making
findings of fact and conclusions of law concerning the voluntariness of his statements
to the police, in admitting into evidence his statements made to officers, and in not
hearing evidence concerning the voluntariness of his confession.
         Prior to trial, appellant's attorney filed a motion to suppress appellant's
statements. He asked the trial court to suppress as involuntary any statements
appellant made to law enforcement officers after his arrest. At a pretrial hearing,
appellant's attorney and the State agreed that the first of two such statements was
admissible up until the point appellant asserted his right to counsel, after which the
remainder of the first statement and the entire second statement were inadmissible. 
The trial court signed an order suppressing all written and oral statements made by
appellant to law enforcement officers after he invoked his right to counsel. At trial,
however, appellant's attorney withdrew his motion to suppress either statement
because he wanted "to go ahead and cross-examine the Ranger on that now."
         The Texas Code of Criminal Procedure provides, in pertinent part, as follows:
In all cases where a question is raised as to the voluntariness of a
statement of an accused, the court must make an independent finding in
the absence of the jury as to whether the statement was made under
voluntary conditions. If the statement has been found to have been
voluntarily made and held admissible as a matter of law and fact by the
court in a hearing in the absence of the jury, the court must enter an
order stating its conclusion as to whether or not the statement was
voluntarily made, along with the specific finding of facts upon which the
conclusion was based, which order shall be filed among the papers of the
cause.

Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon Supp. 2004). Accordingly, under
the terms of the statute, the trial court is only required to make written findings where
a question is raised as to the voluntariness of the accused's statement, and when the
statement has been found to have been voluntarily made at a hearing in the absence
of the jury. The statutory requirement to make findings does not apply when the
accused fails to object that his statement was involuntarily made or when the evidence
fails to raise an issue of voluntariness. Mowbray v. State, 788 S.W.2d 658, 663
(Tex. App.–Corpus Christi 1990, pet. ref'd); Perez v. State, 674 S.W.2d 851, 854
(Tex. App.–Corpus Christi 1984, no pet.). The trial court is not required to make
findings when there is no disputed fact issue concerning the voluntariness of the
statement in question. Zervos v. State, 15 S.W.3d 146, 153 (Tex. App.–Texarkana
2000, pet. ref'd); Perez, 674 S.W.2d at 854.
         Appellant's attorney raised an issue concerning the voluntariness of the
statements in question and reached an agreement with the State concerning the
admissible portions thereof. However, his complete withdrawal of that objection at
trial effectively removed the question of voluntariness from the issues before the trial
court and removed the duty, if any, the trial court had to make findings on a moot
issue. In addition, as the initial order was based on an agreement between the parties
and did not result from an evidentiary hearing at which any of the facts concerning
voluntariness were in dispute, there were no controverted facts concerning the
voluntariness of the statement on which the trial court would have made findings. We
overrule appellant's second issue.
C. Denial of Jury Trial on Punishment
         By his third issue, appellant complains that he was denied a jury trial on
punishment. However, the Texas Code of Criminal Procedure specifically provides
that, "[i]f a defendant is found guilty in a capital felony case in which the State does
not seek the death penalty, the judge shall sentence the defendant to life
imprisonment." Tex. Code Crim. Proc. Ann. art. 37.071, § 1 (Vernon Supp. 2004). 
Accordingly, appellant had no right to be sentenced by the jury. See Rodriguez v.
State, 103 S.W.3d 460, 462 (Tex. App.–San Antonio 2002, pet. ref'd). We overrule
appellant's third issue.
D. Lesser Included OffensesBy his fourth issue, appellant complains that he was denied a jury charge on the
lesser included offenses of voluntary manslaughter and involuntary manslaughter. 
However, a defendant's failure to request an instruction on a lesser included offense,
or object to the lack thereof, waives any complaint on appeal. See Kinnamon v. State,
791 S.W.2d 84, 96 (Tex. Crim. App. 1990), overruled on other grounds by Cook v.
State, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994); Mohammed v. State, 127
S.W.3d 163, 169 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd); see also Posey v.
State, 966 S.W.2d 57, 62 (Tex. Crim. App. 1992) (trial court has no duty to sua
sponte instruct on an unrequested defensive issue).
         At the charge conference in the present case, appellant's attorney stated he had
no objection to the court's charge and did not ask for a charge on any lesser included
offenses. Accordingly, appellant has waived error, if any, on this issue. We overrule
appellant's fourth issue.
E. Charge Error
         In issue five, appellant complains that the trial court erred in failing to submit the
defendant's requested charge on the culpable mental state required for the offense. 
More specifically, appellant contends the trial court erred in the application paragraph
of the charge by instructing the jury that it could find appellant guilty if he acted
intentionally or knowingly, while the indictment charged that he only acted
intentionally.
         In the present case, however, the charge of the court instructed the jury as
follows: that a person commits capital murder when he "intentionally causes the
death of an individual" and that a person acts intentionally "with respect to the result
of his conduct when it is his conscious objective or desire to cause the result." In the
application paragraph, the jury was instructed to find appellant guilty of capital murder
if it found that he intentionally caused the death of the victim by stabbing him with a
knife while in the course of committing or attempting to commit robbery. The charge
further instructed the jury that, in order to convict appellant of capital murder, it must
find that he stabbed the victim "with the intention of killing him." The portion of the
charge about which appellant complains relates to the aggravating element of robbery
and does not detract from that portion of the charge requiring an "intentional" killing
in order to convict him of capital murder.
         We find nothing in the record supporting appellant's assertion that he requested
a charge on the culpable mental state. In fact, at the charge conference, his attorney
stated he had no objection to the court's charge. Therefore, any possible error in the
jury charge was not preserved by objection at trial and would only be reversible if it
caused appellant to suffer actual "egregious" harm, error so harmful that the defendant
was denied a fair and impartial trial. Patrick v. State, 906 S.W.2d 481, 492 (Tex.
Crim. App. 1995); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). 
Because appellant's contention has no basis in the record, we need not reach an
egregious harm analysis. Appellant's fifth issue is overruled.
 
F. Ineffective Assistance of Counsel
         By his sixth issue, appellant complains of ineffective assistance of counsel,
asserting that his trial attorney improperly failed to: (1) make an opening statement;
(2) require the jury to assess punishment; (3) request charges on lesser included
offenses; (4) investigate the State's witnesses; and (5) call a defense expert on the
effects of crack cocaine.
1. Standard of Review
         The United States Supreme Court and the Texas Court of Criminal Appeals have
promulgated a two-prong test to determine whether representation was so inadequate
that it violated a defendant’s Sixth Amendment right to counsel. See Strickland v.
Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55
(Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.–Corpus
Christi 2000, no pet.). To establish ineffective assistance of counsel, appellant must
show: (1) his attorney’s representation fell below an objective standard of
reasonableness; and (2) there is a reasonable probability that, but for his attorney’s
errors, the result of the proceeding would have been different. Strickland, 466 U.S.
at 687; Stone v. State, 17 S.W.3d 348, 349-50 (Tex. App.–Corpus Christi 2000, pet.
ref’d). 
         Following the test for determining ineffective assistance of counsel set forth in
Strickland, we conclude appellant has not shown how his attorney’s representation fell
below an objective standard of reasonableness or that there is a reasonable probability
that, but for his attorney’s errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 687. 
         The defendant bears the burden to prove ineffective assistance of counsel by
a preponderance of the evidence. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). A defendant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. Gamble
v. State, 916 S.W.2d 92, 93 (Tex. App.–Houston [1st Dist.] 1996, no pet.). The
defendant's burden is even more difficult when, as in this case, the defendant did not
file a motion for new trial asserting ineffective assistance of counsel. See Jackson v.
State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); Gibbs v. State, 7 S.W.3d 175,
179 (Tex. App.–Houston [1st Dist.] 1999, pet. ref'd). Assertions of ineffective
assistance of counsel must be firmly founded in the record. Bone v. State, 77 S.W.3d
828, 835 (Tex. Crim. App. 2002). Trial counsel should ordinarily be afforded an
opportunity to explain his actions before being denounced as ineffective, and an
appellate court will not find ineffectiveness based on speculation. Id. at 836;
Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.–Houston [1st Dist.] 2000, pet.
ref'd).2. Analysis
         The record before us is silent as to why appellant's trial counsel allegedly failed
to act in the manner urged by appellant. Accordingly, appellant has not rebutted the
presumption he was adequately represented, that these alleged failures to act were
part of his trial counsel's sound trial strategy. See Garcia, 57 S.W.3d at 440; Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble, 916 S.W.2d at 93. 
Only on further inquiry can an adequate determination be made as to whether counsel
provided appellant with effective assistance.


 Moreover, our review of the record
indicates that this is not one of those "rare cases" in which we can assess counsel's
performance on a silent record. See Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex.
Crim. App. 2000). Therefore, following the test for determining ineffective assistance
of counsel as set forth in Strickland, we conclude, from a review of the totality of
representation, appellant has not shown how his attorney’s representation fell below
an objective standard of reasonableness, or that there is a reasonable probability that,
but for his attorney’s errors, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 687. We overrule appellant's sixth issue.
III. Independent Review of Record
         The Supreme Court advised appellate courts that upon receiving a “frivolous
appeal” brief, they must conduct “a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous.” Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Stafford, 813 S.W.2d at 509. We agree with
counsel that the appeal is wholly frivolous.
IV. Representation on Appeal
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App.
1971); see Stafford, 813 S.W.2d at 511 (Tex. Crim. App. 1991) (noting that Anders
brief should be filed with request for withdrawal from case). Counsel has not
requested to withdraw from further representation of appellant on appeal. If counsel
wishes to file a motion to withdraw, he must file the motion no later than fifteen days
from the date of this opinion. Additionally, we order counsel to notify appellant of the
disposition of his appeal and of the availability of discretionary review. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).V. Conclusion
         We conclude the appeal is without merit. The judgment of the trial court is
affirmed.

                                                                        NELDA V. RODRIGUEZ
                                                                        Justice
Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed the 26th day of August, 2004.