Juan Celestino PEREZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–255–CR.

Court of Appeals of Texas, Corpus Christi.

June 21, 1984.

A.G. Betancourt, Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a murder conviction. Appellant was tried by a jury in a trial that commenced in August 1980. The jury assessed punishment at fifty years' confinement in the Texas Department of Corrections.

Appellant, in his first ground of error, claims that the conviction and sentence should be set aside because appellant was deprived of a Statement of Facts. Appellant's first brief was filed on June 4, 1982. It was not until February 18, 1983 that a complete transcription of appellant's trial was filed in this Court. On February 22, 1983, the Clerk of this Court notified appellant's counsel that the statement of facts had been filed. Appellant did not respond. On August 29, 1983, the clerk again notified appellant's counsel that the statement of facts had been filed. The Clerk also notified him that this Court would grant him leave to file an amended brief in view of the then-completed record. This was not done. We now hold that the statement of facts, having been filed, cured any error which appellant asserts in his first ground of error in his 1982 brief. This ground of error is overruled.

Appellant asserts in his second ground of error that the trial court erred in admitting into evidence appellant's written confession because it was involuntary and was given without assistance of counsel. In his statement, appellant confesses to having shot Juan Alberto Castro.

Appellant urges that the trial court failed to file findings of fact and conclusions of law in accordance with TEX.CODE CRIM.PROC.ANN. art. 38.22 § 6 (Vernon 1979). This section states, in part:

"In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of a jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific findings of facts upon which the conclusion was based, which order shall be filed among the papers of the cause."

The appellant testified at trial that he shot the decedent in self-defense. Appellant asserted in his written statement that he fired toward the decedent because he was afraid he was going to be beaten by the decedent and others who were with the decedent.

Our review of the record shows that no pretrial motion to suppress the confession was filed or heard. Appellant's first objection to the confession was made when the written statement was marked for identification prior to its admission into evidence during appellant's trial. Thereafter, there was a discussion which occurred off the record. The trial judge announced that he had been advised that appellant's counsel wanted to raise the issue of voluntariness. Appellant's objections were as to the admissibility of the whole confession and that certain statements in the confession (i.e., that the decedent had died of a bullet wound and that another individual had been shot) were statements concerning what the appellant had been told by police officers rather than an actual statement made by him.

The trial court held a hearing outside the presence of the jury. Lieutenant Tamayo testified that he read to appellant all of the required warnings and had typed appellant's confession according to what appellant told him. Lieutenant Tamayo testified that appellant told him that he understood the warnings. After the statement was typed, the appellant made some corrections to the statement. He then signed each page of the statement. The cross-examination of Lt. Tamayo consisted of appellant's counsel asking the officer only a few questions. He asked: 1) whether appellant had

been arrested as the result of a warrant; 2) how long had he been under arrest prior to giving the statement; 3) whether he had been taken before a magistrate; and 4) if he had been furnished a lawyer. Officer Tamayo responded that the appellant had never asked for a lawyer. Appellant did not testify. Appellant put on no witnesses, nor did he introduce any evidence to dispute the testimony of the officer. At the close of appellant's very brief cross-examination, the trial court made an oral pronouncement that he found the statement made by the appellant to be voluntary. No written findings appear of record.

■ On appeal, appellant urges that, because he was in custody without first being brought before a magistrate and because he did not have assistance of counsel, a fact issue regarding the voluntariness of his confession is raised. We disagree. We have reviewed the record and find that the appellant never specifically raised the issues at trial that he now raises here on appeal. His only objection of record appears to be directed toward that part of the statement regarding the police informing him that the victim, Castro, and another individual had been shot. Although a hearing was held outside the presence of the jury, we find that appellant raised no specific objections to the admissibility of the statement because it was involuntarily made, nor did he present evidence which would raise a fact issue concerning whether the confession was voluntary or not. *See Lindley v. State,* 635 S.W.2d 541 (Tex. Crim.App.1982). We find that the cursory cross-examination of the police officer raised no disputed fact issue surrounding the taking of appellant's confession. The trial judge's conclusion as to voluntariness appears from the record to be undisputed. If there was a disputed fact issue regarding the taking of the confession, we recognize that the court's oral pronouncement would not be enough. This would be true since we would be unable to review appellant's contentions without knowing specifically the facts which the court utilized in determining that the confession was voluntary. *Dykes v. State,* 649 S.W.2d 633 (Tex. Crim.App.1983). However, since no evi-

dence contrary to Tamayo's testimony was introduced, there is no disputed fact issue raised. We hold that the trial court did not err in not making any specific written findings of fact and conclusions of law. Appellant's second ground of error is overruled.

■ In appellant's third ground of error, he asserts that the trial court erred in admitting gruesome photographs of the deceased, the deceased's clothing and photographs of the scene which served no purpose other than to inflame the minds of the jury. The state admitted six black and white photographs which depict, according to the witness Detective William Kingsbury, various views of the Brownsville cafe where the shooting occurred. At trial, appellant's only objection to the photographs was that they were improperly identified. He also made an objection based upon the best evidence rule. On appeal, his objection is that the photographs served no purpose except to inflame the minds of the jury. One of the photographs, Exhibit 3, was identified by Detective Kingsbury as showing blood on the side wall of the cafe. Appellant never objected at trial that the photograph which shows a splashed substance on a wall identified as blood was gruesome. Regardless, appellant's objection at trial does not comport with his objection on appeal and is, therefore, waived. *Carrillo v. State,* 591 S.W.2d 876 (Tex.Crim.App.1979).

The state also introduced into evidence the shirt which the decedent had worn on the evening of his death. The shirt had been cut in two by hospital personnel. Appellant objected that the purpose of the introduction was to inflame the minds of the jury and could serve no other purpose. He argued that it was not in the same condition that it was in when worn by the decedent. The state apparently was offering the shirt to show the location of a hole (presumably from a bullet) in the shirt.

■ Visual, real or demonstrative evidence is admissible in a trial in a criminal case if it tends to resolve some issue in the case and has some evidentiary value. *Simmons v. State,* 622 S.W.2d 111 (Tex.Crim.

App.1981). Here, appellant was alleging that he shot the deceased in self-defense. Appellant testified at trial that he shot at the feet of the deceased. The introduction of the shirt with a bullet hole in it did shed light on a disputed issue in the case and had evidentiary value.

▮ The appellant also complains that the trial court erred in introducing a gruesome picture of the body of the deceased. We find only one picture of the deceased in the record. This photograph, depicting the body of the deceased, was offered and admitted by the appellant himself. He is certainly in no position to complain of its admission on appeal. Appellant's third ground of error is overruled.

▮ In appellant's fourth ground of error, he complains of the admission of two misdemeanor convictions. He asserts that they were void as a matter of law and prejudiced his rights in the assessment of punishment. TEX.CODE CRIM.PROC. ANN. art. 37.07 § 3(a) states:

"Evidence of prior criminal record in all criminal cases after a finding of guilty (a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in the court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."

He argues that the record before the Court does not show that these were final convictions as required by TEX.CODE CRIM. PROC. art. 37.07 § 3(a) (Vernon 1981). During the punishment phase, the parties may offer evidence of a defendant's prior criminal record. The term "prior criminal record" means a final conviction in a court of record, a probated or suspended sentence occurring prior to trial or any final conviction material to the offense charged. TEX.CODE CRIM.PROC. art. 37.07 § 3(a)

(Vernon 1981). This article limits the introduction of a prior criminal record to the fact of conviction. It does not permit the state to show the details of the offense. *Johnson v. State,* 650 S.W.2d 784 (Tex. Crim.App.1983); *Mullins v. State,* 492 S.W.2d 277 (Tex.Crim.App.1973).

During the punishment phase, the state sought to introduce evidence of two prior misdemeanor convictions. The state called Officer Merlin Rosco, who testified that, on July 22, 1975, he arrested the appellant for desecrating a graveyard. Rosco testified that he also arrested appellant on August 13, 1975 on a burglary charge. According to Rosco, the charge was reduced to criminal trespass. Appellant objected to this testimony, and his objection was sustained. Beatrice Bustinza, Deputy County Clerk, also testified at the punishment hearing. Bustinza testified that a complaint was filed, numbered 26808, in appellant's name. She also said that there was another cause number 27358 which was also in appellant's name. The state's attorney read into evidence the complaint in Cause No. 26808 in which appellant was charged with desecrating a headstone. He also read into evidence the judgment revoking appellant's probation in that cause. The state's attorney then read to the jury the complaint in cause No. 27358, which charged the appellant with knowingly and intentionally entering and remaining in a habitation without effective consent of the owner. He also read the judgment and plea of guilty to the offense of criminal trespass in the same cause.

▮ Although appellant does not specifically state his objection in his ground of error, we glean from his argument that he believes that the record does not show that the convictions in question were final. If this is his main complaint, we disagree. It appears to us that the charge for desecration of a headstone was a probated sentence occurring prior to trial, which was later revoked for reasons not specified.[1] The judgment and plea of guilty to the

---

1. The Information filed in this cause was admitted into evidence as well as the Order revoking appellant's probation and sentencing him to thirty days in jail.

offense of criminal trespass was also a final conviction.[2] We find that the state went into more detail than was necessary by introducing the testimony of police officers who gave some details regarding appellant's arrests for the crimes which resulted in these two prior convictions. However, appellant did not object during trial, and his ground of error does not address this issue. Appellant's fourth ground of error is overruled.

Appellant has also filed a pro se brief in this cause. Appellant is represented by counsel who filed a brief in this case. The general rule is that there is no right to a dual representation. *Rudd v. State,* 616 S.W.2d 623 (Tex.Crim.App.1981). However, we have considered appellant's pro se grounds of error, and they are overruled.

The conviction is affirmed.

---

2. The Information was admitted into evidence as well as the judgment upon appellant's plea of guilty. He was assessed a $50.00 fine and court costs.