Roy Vernon LACKEY, Appellant,

v.

The STATE of Texas, State.

No. 2–88–059–CR.

Court of Appeals of Texas, Fort Worth.

Sept. 20, 1989.

James E. Cook, Wichita Falls, for appellant.

Barry L. Macha, Crim. Dist. and Gerald W. Taylor, Asst., Wichita Falls, for State.

Before WEAVER, C.J., and HILL and FARRIS, JJ.

## OPINION

HILL, Justice.

Roy Vernon Lackey appeals his conviction by a jury of the offense of indecency with a child. The jury, finding that Lackey had previously been convicted of a felony offense, assessed his punishment at forty years in the Texas Department of Corrections. In a sole point of error, Lackey contends that the trial court erred in not allowing him to introduce evidence that on some prior occasion Donna Simpson, Lackey's ex-wife and the mother of the complainant, had accused another ex-husband of "fooling around" with their daughter, a young lady other than the complainant.

We affirm, because we find that the evidence the trial court excluded was not relevant to the offense for which Lackey was on trial. We further find that even if the evidence were relevant, the trial court did not err in its exclusion, since evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* TEX.R.CRIM. EVID. 403. Finally, we find that even if the trial court did err in excluding the testimony, the error was harmless beyond a reasonable doubt.

Lackey relies on the cases of *Polvado v. State*, 689 S.W.2d 945, 950 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd) and *Thomas v. State*, 669 S.W.2d 420 (Tex.App. —Houston [1st Dist.] 1984, pet. ref'd). In *Thomas*, the court held that Thomas should be allowed to show that the young complainant had previously made a false accusation that she had been raped by a tall skinny man with bushy hair, since the testimony reflected on her credibility. In *Polvado*, the court, relying on *Thomas*, held that the jury should have been allowed to hear testimony concerning false accusations about him previously made by the complainant's brother, Polvado's stepson. The complainant's brother had corroborated the complainant's testimony by placing her in close proximity to Polvado in Polvado's bedroom shortly before the bedroom door was closed.

In both of the above cases, the evidence which was excluded called into question the credibility of witnesses crucial to the establishment of the offense. In the case before us, Donna Simpson's testimony was not particularly crucial to the establishment of the State's case. Instead, it was the testimony of the complainant, her brother, and perhaps others who presented the evidence crucial to the State's case. The excluded testimony in no way called into question their credibility. We find that the trial court did not err in excluding the testimony. Using the tests and criteria set forth in *Harris v. State*, —— S.W.2d ——, —— No. 69366, slip op. 89–27–39 (Tex.Crim. App., June 28, 1989) (not yet reported), we find that even if the exclusion were error, it was harmless beyond a reasonable doubt.

The judgment is affirmed.