Bill Buck Spoon v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-178-CR

     BILL BUCK SPOON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 411th District Court
Polk County, Texas
Trial Court # 16441
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Bill Buck Spoon has been convicted by a jury of the offense of aggravated assault. The jury
assessed his punishment at two years in the Texas Department of Criminal Justice, Institutional
Division. Spoon’s counsel has filed a motion to withdraw from representation of Spoon with a
supporting Anders brief. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18
L. Ed. 2d 493 (1967). Spoon was notified that he had the right to respond to counsel’s motion and
brief, but no response has been filed. See Sowels v. State, 45 S.W.3d 690, 691 (Tex.
App.—Waco 2001, no pet.).
      In his brief, counsel considers the legal and factual sufficiency of the evidence, the
effectiveness of trial counsel, the court’s evidentiary rulings, and jury argument. Counsel’s brief
contains references to the record and applicable statutes, rules, and cases and discusses why
counsel concludes that the record does not present an arguable issue. See Currie v. State, 516
S.W.2d 684, 684 (Tex. Crim. App. 1974) (brief contains a professional evaluation of the record
demonstrating why, in effect, there are no arguable issues to be advanced). We are satisfied that
counsel has diligently searched the record for any arguable issue. McCoy v. Court of Appeals of
Wisconsin Dist. 1, 486 U.S. 429, 442, 108 S. Ct. 1895, 1904, 100 L. Ed. 2d 440 (1988). We
have independently reviewed the record to search for any issues that might arguably support an
appeal. Sowels, 45 S.W.3d at 691-92.
      We affirm the judgment because we have determined that there are no issues that might
arguably support an appeal. Because we do not have the authority to permit appointed counsel to
withdraw, we dismiss the motion to withdraw. Id. at 692.

                                                                   JOHN G. HILL
                                                                   Senior Justice

Before Chief Justice Davis,
      Justice Vance, and
      Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed March 19, 2003
Do not publish
[CR25]



 Appellant’s attorney then questioned M.W. about an interview contained in a Comal
County police report in which she and her sister had made certain allegations of abuse against
her cousin. M.W. indicated that her father directed such accusations at her cousin after her
father had been accused. Although Appellant’s attorney referred to the report during cross-examination, the report was neither offered nor admitted into evidence. M.W. reiterated that
no allegations of sexual abuse had ever originated with her. Based on this testimony, the trial
court excluded the evidence, ruling that the Appellant was not allowed to cross-examine M.W.
on this matter before the jury. Appellant asserted on appeal that the trial court’s prevention of
cross-examination of the complainant before the jury about the prior allegations of abuse
amounted to a denial of Appellant’s Sixth Amendment right of confrontation. We held that,
because M.W. testified that she had never personally made any allegations of sexual abuse,
cross-examination concerning those matters would not have impeachment value and the trial
court did not err in preventing such cross-examination.
      On rehearing, Appellant urges that the record reveals that “previous to her accusation
against Appellant, there is evidence that M.W. or her parents on her behalf falsely accused
someone, either her father [Joe W.] or her cousin, of sexual abuse.” Consequently, Appellant
contends that he should have been allowed to explore M.W.’s credibility before the jury.
      In Hughes v. State


, the Appellant sought to impeach the complainant’s credibility with
testimony from her mother that the complainant had made prior false allegations of sexual
abuse against two men. Hughes v. State, 850 S.W.2d 260, 263 (Tex. App.—Fort Worth 1993,
pet ref’d). The court of appeals held that the evidence was properly excluded because Hughes
failed to show that the accusations were, in fact, false. Id. The court concluded that, without
a showing that the accusations were false, “the excluded evidence does not establish a motive
for the complainant to lie in the case at bar.” Id.
      In Lackey v. State, the trial court excluded evidence that the mother of the complainant had
previously accused an ex-husband of “fooling around” with one of her daughters. Lackey v.
State, 777 S.W.2d 199, 200 (Tex. App.—Fort Worth 1989, no pet). Because the evidence
establishing the State’s case was presented primarily by the complainant herself and her
brother, the court of appeals held that the evidence excluded did not call into question the
credibility of witnesses crucial to the establishment of the offense. Id. 
      We conclude that, as a predicate to the admission of evidence of prior false allegations of
sexual abuse, the offering party must establish that the evidence reasonably calls into question
the credibility of a witness crucial to the establishment of the offense. See Beckley v. State,
827 S.W.2d 74, 77 (Tex. App.—Fort Worth 1992, no writ). In the case at bar, the primary
witnesses for the State were the two complainants. At the hearing on the State’s motion in
limine, M.W. clearly testifies that she had never made allegations of sexual misconduct against
anyone, and that any such allegations originated with her parents. The trial court could
properly have concluded that the evidence was not probative of the complainant’s credibility,
or alternatively that its probative value was substantially outweighed by the danger of unfair
prejudice or confusion of the issues. See Tex. R. Evid. 403. Because appellant did not
present evidence of “facts from which jurors could appropriately draw inferences relating to
the reliability of the witness,” restriction of his cross-examination did not amount to a violation
of the confrontation clause. See Olden v. Kentucky, 488 U.S. 227, 231, 109 S.Ct. 480, 483,
102 L.Ed.2d 513, 519 (1988). Appellants first issue for rehearing is overruled.
      The State also requested and was granted a motion in limine with respect to the
complainant’s father, Joe W., to prevent Appellant’s cross-examination regarding the prior
allegations of abuse until Appellant made a preliminary showing of relevance. The trial court
later sustained the State’s relevance objection when, during Appellant’s cross-examination of
Joe W., he began to discuss the prior allegations. The Appellant did not request a hearing
outside the jury’s presence, nor did he make an offer of proof to explore the substance of
testimony he desired to elicit. Furthermore, the substance of the testimony was not apparent
from the context in which the questions were asked. See Tex. R. Evid. 103(a)(2). 
Consequently, we held that Appellant failed to preserve any error in the exclusion of the
evidence. See Tex. R. App. P. 33.1(a).
      On rehearing, Appellant asserts that the State’s objection and the trial court’s adverse
ruling sufficiently preserved error because the substance of the evidence had been revealed
through the earlier testimony of the complainant, M.W. Specifically, Appellant contends that
the testimony of M.W. was sufficient to apprise the trial court of the facts Appellant sought to
establish and the relevance of those facts to the complainant’s credibility. Although it is clear
that the Appellant was attempting to elicit testimony regarding prior allegations of abuse made
by M.W., the record does not indicate what Joe W. would have said about the nature of the
allegations, their truth or falsity, or at whom they were directed. As discussed at length
above, the offering party must establish that the evidence reasonably calls into question the
credibility of a witness crucial to the establishment of the offense as a prerequisite to its
admission. See Beckley v. State, 827 S.W.2d 74, 77 (Tex. App.—Fort Worth 1992, no writ);
Lackey v. State, 777 S.W.2d 199, 200 (Tex. App.—Fort Worth 1989, no pet). Appellant
made no such showing with respect to either the complainant’s testimony or her father’s. 
Appellant’s first issue for rehearing is overruled.
      In his second issue on appeal, Appellant complained of ineffective assistance of counsel, a
complaint which raised matters not determinable from the record. See Gonzales v. State, 994
S.W.2d 369, 372-73 (Tex. App.—Waco 1999, no pet.). Appellant included this complaint in a
timely filed motion for new trial, but failed to bring his motion to the attention of the court or
secure a hearing at which evidence of his complaint could be presented. The trial court did not
set the matter for a hearing, and the motion for new trial was overruled by operation of law 75
days after it was filed. We held that Appellant’s filing of the motion with the district clerk
alone was insufficient to “present” the motion to the trial court. See Tex. R. App. P. 21.6;
Carranza v. State, 960 S.W.2d 76 (Tex. Crim. App. 1998). Appellant argues on rehearing
that he not only filed a timely motion stating the nature of the complaint, but brought the
motion to the trial court’s attention by sending the trial judge a letter requesting a hearing
within the 75 day period after which the motion was overruled by operation of law. Appellant
has attached the letter as an exhibit to his motion for rehearing, but the letter does not appear
elsewhere in the appellate record.
      In Carranza v. State, the Court of Criminal Appeals discussed the requirement that a
motion for new trial be “presented” to the trial court under former rule of appellate procedure
31(a)(1). See Carranza v. State, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998); Tex. R. App. P.
31(a)(1), 11 Tex. Reg.1944 (Tex. Crim. App.1986, repealed 1997) (current version at Tex. R.
App. P. 21.4-.8).
[W]e hold the term “present” as used in Rule 31(c)(1) means the record must
show the movant for new trial sustained the burden of actually delivering the
motion for new trial to the trial court or otherwise bringing the motion to the
attention or actual notice of the trial court.

Carranza, 960 S.W.2d at 79. Current rule 21.6 requires the defendant seeking a new trial in a
criminal case to “present” the motion to the trial court within ten days of filing. Tex. R. App.
P. 21.6. 
      Appellant has attached a letter to his motion for rehearing which, Appellant claims,
satisfies the “presentment” requirement of Rule 21.6. The letter is addressed to the trial judge
and requests a hearing on Appellant’s motion for new trial within the requisite 75 day deadline. 
The letter does not contain a file mark, nor does it appear in the clerk’s record. As a general
rule, an appellate court must hear and determine a case on the record as filed and it cannot
consider documents attached as exhibits or appendices to briefs or motions. Mitchison v.
Houston Ind. School Dist., 803 S.W.2d 769, 771 (Tex. App.—Houston [14th Dist.] 1991, writ
denied). We note, however, that the letter is dated March 16, 1998, 39 days after the motion
for new trial was filed with the trial court. Thus, even if we were allowed to consider the
correspondence as evidence of “presentment,” we would conclude that the motion was not
presented to the trial court within the ten day limit required by Rule 21.6. The trial court
therefore did not err in failing to set a hearing for Appellant’s motion for new trial. 
Appellant’s second issue for rehearing is overruled.
MOTION TO ABATE
      Appellant has also filed a motion to abate the appeal, requesting that we suspend the
application of the rules under Rule of Appellate Procedure 2(b) so that he may file an out-of-time motion for new trial based on newly discovered evidence.
      Rule of Appellate Procedure 2 allows an appellate court to “suspend a rule’s operation in a
particular case and order a different procedure” in order to expedite a decision or for “other
good cause.” Tex. R. App. P. 2. In Oldham v. State, the Court of Criminal Appeals criticized
the use of Rule 2(b) to extend the 30 day deadline for filing a motion for new trial. Oldham v.
State, 977 S.W.2d 354, 360 (Tex. Crim. App. 1998). The court opined:
While in a small number of cases the litigation process may ultimately be
shortened, we think that the associated delays and restarting of the appellate
process upon such speculation makes this an improper use of Rule 2(b). Rule
2(b) is in essence an escape valve to be used by an appellate court when a
case becomes unduly stalled or delayed in the appellate process due to
procedural rules, and the interests of justice compel speeding up the process; 
although Rule 2(b) may be used to shorten the time limits when justice so
requires, it should not be used as a method to lengthen procedural time limits
absent truly extraordinary circumstances, even in an effort to protect the
substantive rights of litigants.

Id. (citations omitted).
      Furthermore, an important consideration in determining whether to allow an out-of-time
motion for new trial is whether the issue sought to be resolved can serve as the basis for habeas
corpus relief. Bowler v. State, 822 S.W.2d 334-35 (Tex. App.—San Antonio 1992, pet.
ref’d). A claim of newly discovered evidence is now fully cognizable by way of habeas
corpus. See Elizondo v. State, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996) (overruling Ex
Parte Binder, 660 S.W.2d 103 (Tex. Crim. App. 1983). For the foregoing reasons,
Appellant’s motion for rehearing and his motion to abate are denied.
 

                                                                         PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Opinion issued and filed April 5, 2000
Motion for rehearing denied; motion to abate denied
Do not publish