James Bert Love, Jr. v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-425-CR

JAMES BERT LOVE, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant James Bert Love, Jr. appeals his conviction for burglary of a habitation.  After Love pleaded not guilty, a jury found him guilty and assessed his punishment at twenty-five years’ confinement.  The trial court sentenced him accordingly.  Love raises four points, complaining about the trial court’s failure to exclude his confession, failure to admit relevant evidence, failure to grant his motion for continuance, and failure to exclude a hearsay statement.  We will affirm.

II.  Factual Background

On November 21, 2003, sixteen-year-old Danielle Butschek stayed home from high school because she was sick.  Noises in her house awakened her as she was trying to sleep.  She got up and encountered a male in her house, whom she believed was with her brother, and a female.  She eventually realized that these two individuals were burglarizing her family’s home and that her brother was not with them.  A week after the incident, police showed Danielle a photo spread, and she was able to identify the male and female intruders that she saw in her house on the day of the burglary.  The male whom she identified was Love.  After police arrested Love for his participation in the burglary, he gave a written statement to police, confessing to stealing spare keys and jewelry from the Butscheks’s house.  

III.  Suppression Hearing

The trial court held a hearing outside the presence of the jury on Love’s motion to suppress his confession.  Detective Vincent Rumsey testified that Love was arrested by Officer Guerrero on December 1, 2003 for the November 21, 2003 burglary of the Butschek residence.  Officer Guerrero transported Love to the police department. 

At the police department at 8:57 p.m., Detective Rumsey read Love the 
Miranda
 warnings.
(footnote: 2)  Love signed the 
Miranda
 warnings and agreed to speak with Detective Rumsey.  Love discussed the details of the burglary with Detective Rumsey.  At 10:50 p.m., Detective Rumsey asked Love to write out a statement.  Detective Rumsey advised Love of his rights again; Love again indicated that he understood his rights.  Love waived his rights and agreed to make a written statement.  Love said that he was very tired and asked Detective Rumsey to write the statement.  Detective Rumsey explained in the opening sentence of the statement that Love had asked to dictate his statement while Detective Rumsey wrote.  Detective Rumsey wrote Love’s words verbatim and read the finished statement to Love; Love followed along, reading from a copy.  Detective Rumsey offered to make any changes that Love requested to the statement, but Love did not request any changes and signed the statement. 

Detective Rumsey testified that Love did not appear to be incoherent, only very tired.  Detective Rumsey stated that Love nodded off a couple of times after giving the statement and said that Love claimed to have been awake for two days.  Detective Rumsey noted that during the interview, however, Love never requested an attorney; was never denied food, drink, or access to a restroom; was never made any promises in exchange for his written statement; and never requested to terminate the discussion because he was too tired to continue. 

At the conclusion of the suppression hearing, the trial court stated, “Okay.  All right.  The Court will find that the statement was taken pursuant to Article 38.22 and its requirements.  I find that it should be admissible under 38.23 and all of the applicable Constitutional provisions [and] will deny the motion to suppress.” 

IV.  Voluntary Confession Admitted Into Evidence

In his first point, Love argues that the trial court erred by admitting his statement into evidence and by failing to comply with Texas Code of Criminal Procedure article 38.22, section 6, requiring the court to make a specific finding concerning the voluntariness of his statement.  The State responds that Love’s statement was not the result of coercive police conduct and was not involuntarily made and that the trial court was not required to make findings of fact. 

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court's decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Best
, 118 S.W.3d at 861-62.  However, we review de novo a trial court's rulings on mixed questions of law and fact if they do not turn on the credibility and demeanor of witnesses.  
Johnson
, 68 S.W.3d at 652-53. 

“The determination of whether a confession is voluntary is based on an examination of the totality of circumstances surrounding its acquisition.”  
Wyatt
 
v. State
, 23 S.W.3d 18, 23 (Tex. Crim. App. 2000);
 Penry v. State
, 903 S.W.2d 715, 744 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 977 (1995).  The statement of an accused may be used in evidence against him if it appears that it was freely and voluntarily made without compulsion or persuasion.  
Wyatt
; 
23 S.W.3d at 23
; see also 
Tex. Code Crim. Proc. Ann. 
art. 38.21 (Vernon 2005).  “Lack of sleep or food alone, will not render appellant’s confession involuntary.”  
Chambers v. State
, 866 S.W.2d 9, 20 (Tex. Crim. App. 1993), 
cert. denied
, 511 U.S. 1100 (1994).  Police overreaching or coercion is the integral element necessary to support an involuntariness finding.  
Perry v. State
, 158 S.W.3d 438, 446 (Tex. Crim. App. 2004) (citing 
Colorado v. Connelly
, 479 U.S. 157, 163-66, 107 S. Ct. 515, 519-21 (1986)).

Here, the record does not demonstrate police overreaching or coercion.  The police made no promises in exchange for Love’s written statement and did not deny him food, drink, or access to a restroom.  Love argues that his fatigue made his confession involuntary, but the evidence does not establish that he was concerned by his lack of sleep on the night he gave his confession.  He did not indicate he was too tired to complete the statement or request to terminate the discussion in order to rest.  The record before us merely shows that Love lacked sleep; it does not indicate that police coerced his confession by purposefully depriving him of sleep.  
See
 
Barney v. State
, 698 S.W.2d 114, 121 (Tex. Crim. App. 1985); 
Rodriquez v. State
, 934 S.W.2d 881, 890 (Tex. App.—Waco 1996, no pet.).  Viewing the totality of the circumstances, we hold that the trial court did not abuse its discretion by admitting Love’s statement into evidence.  
See Wyatt
, 23 S.W.3d at 23.

Love also argues under his first point that the trial court failed to make a specific finding that his statement was made voluntarily.  It is true that the trial court is required to make a voluntariness finding in all cases in which a question is raised as to the voluntariness of an accused’s statement.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.22, § 6 (Vernon 2005).  Despite the language of article 38.22, however, a trial court is not obligated to file findings of fact on the issue of voluntariness when the evidence does not raise a disputed question of fact surrounding the taking of the statement from the defendant.  
See Perez v. State
, 674 S.W.2d 851, 854 (Tex. App.—Corpus Christi 1984, no pet.).  Here, no disputed issue of fact exists concerning the taking of Love’s statement.  No evidence exists that Love’s statement was not voluntary; during the suppression hearing Love did not testify, he did not call witnesses on his own behalf, and his cross-examination of Detective Rumsey did not expose any police coercion or overreaching.  As stated above, the record before us merely shows that Love lacked sleep.  Consequently, the trial court was not required to find facts; instead, it was only required to apply the law to the undisputed facts.  The trial court satisfied this requirement by concluding on the record that “the statement was taken pursuant to Article 38.22 and its requirements” and “should be admissible under 38.23 and all of the applicable Constitutional provisions.”  Thus, we hold that findings of fact were not required, and we hold that the trial court made appropriate conclusions of law.  We decline to abate this appeal.  
See Homan v. Hughes
, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986) (stating that the law does not compel us to require courts to perform useless tasks).  We overrule Love’s first point.

V.  Impeachment Evidence Properly Excluded

In his second point, Love complains that on seven occasions the trial court sustained the State’s relevancy objections and prohibited him from obtaining answers to questions he claims constituted “impeachment evidence.” Specifically, Love claims that the trial court erred by sustaining the State’s objections to the following questions Love wanted to ask:  (1) asking Danielle whether her brother Jared had parties at their parents’ house without their permission, (2) asking Michael Butschek, Danielle’s father, whether his house had ever been burglarized prior to November 21, 2003, (3) asking Michael why his son Jared had been kicked out of the house, (4) asking Michael whether Jared had ever lied to him, (5) asking Michael how his neighbor Carol Broney obtained the names of the suspects, (6) asking Detective Rumsey whether Danielle would be wrong if she told Officer Garcia that the man she saw was twenty years old, five feet tall, and 120 pounds, and (7) asking Detective Rumsey whether Carol Broney’s son Chris was unwilling to cooperate with police.  Love argues that these questions constituted proper impeachment of a hearsay declarant and were relevant to his defensive theory regarding whether Jared gave him permission to be in the Butscheks’s house.

A. Standard of Review

The general rule is that in order to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

B. Impeachment of Hearsay Declarant

Love appears to argue that the State opened the door for him to impeach Michael Butschek about whether Jared was at home during the burglary.  However, the record reveals that Love failed to argue admissibility  on the basis of impeachment of a hearsay declarant. Therefore, Love forfeited this complaint on appeal. 
 
See 
Heidelberg v. State
, 144 S.W.3d 535, 542-43 (Tex. Crim. App. 2004)
 (holding that appellant failed to preserve error because his complaint on appeal did not comport with complaint made in trial court
).

C. Exclusion of Testimony

1. Inadequate Offer of Proof

In an effort to show that he was in the Butschek house with Jared’s permission, Love asked Danielle whether Jared held parties at the house without his parent’s permission and asked Michael whether Jared ever lied.  Love also attempted to ask Detective Rumsey whether Danielle’s physical description of Love was inaccurate.  As previously indicated, the trial court sustained the State’s objections to each of these inquiries.

To preserve error, the substance of the excluded evidence must be shown by offer of proof unless it is apparent from the context of the questions asked.  
Tex. R. Evid.
 103(a)(2); 
Tex. R. App. P.
 33.2; 
Fairow v. State
, 943 S.W.2d 895, 904 n.2 (Tex. Crim. App. 1997)
; 
Chambers
, 866 S.W.2d at 27
.  Error may be preserved by an offer of proof in question and answer form or in the form of a concise statement by counsel.  
Tex. R. Evid.
 103(b); 
Love v. State
, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993).  Counsel’s concise statement must include a summary of the proposed testimony. 
 Love
, 861 S.W.2d at 901.  Error is not preserved if the offer of proof is inadequate. 
 Warner v. State
, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998).

Love did not make an offer of proof or bill of exceptions establishing how Danielle or Detective Rumsey would have answered these particular questions. Love did make an offer of proof during Michael’s testimony, but he did not ask Michael whether Jared had ever lied to him.  Consequently, we hold that Love failed to preserve error regarding the exclusion of this testimony.  
See Guidry v. State
, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999) (stating that absent a showing of what such testimony would have been, or an offer of a statement concerning what the excluded evidence would show, nothing is presented for review), 
cert. denied
, 531 U.S. 837 (2000).

2. Asked and Answered Elsewhere

Love also complains that he was not allowed to ask Michael how Carol Broney obtained the names of the suspects and that he was not allowed to ask Detective Rumsey whether Carol Broney’s son Chris was unwilling to cooperate with police.  A review of the record demonstrates that, although Love was not allowed to ask Michael how Carol Broney obtained the names of the suspects, he obtained the answer later when he posed, and Detective Rumsey answered, a similar question.  The record also demonstrates that the State did not object when Love questioned Detective Rumsey about whether Carol Broney’s son Chris was unwilling to cooperate with police, and Love received a response to this question.  Therefore, because the testimony Love sought to elicit from Michael was ultimately admitted, although through other witnesses, the trial court’s exclusion of Michael’s testimony on the same point did not prevent Love from presenting his defensive theories. 

3. Relevance

During the trial, Michael testified that Jared was not living at home at the time of the burglary because he had been kicked out of the house.  The trial court also sustained the State’s relevancy objections when Love asked Michael why Jared had been kicked out of the house and whether the house had ever been burglarized before.  

We review a trial court's ruling to admit or exclude evidence under an abuse of discretion standard.  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).  If the court's decision falls outside the “zone of reasonable disagreement,” it has abused its discretion.  
Weatherred
, 15 S.W.3d at 542; 
Montgomery
, 810 S.W.2d at 391. 

Texas Rule of Evidence 403 provides that even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. 
Tex. R. Evid.
 403.  However, under rule 403, only “unfair” prejudice provides the basis for exclusion of relevant evidence.  
Montgomery
, 810 S.W.2d at 389.  Unfair prejudice does not mean “that the evidence injures the opponent's case--the central point of offering evidence.”  
Rogers v. State
, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999).  Rather, unfair prejudice arises only from evidence that has an undue tendency to suggest that a decision be made on an improper basis, commonly an emotional one.  
Id.
 

During the defense’s offer of proof, Michael testified that the main reason that Jared was kicked out of the house was that Jared would not follow the house rules. Michael also testified during the offer of proof that some property, including compact disks and guns, was missing from the house and that he suspected that Jared took the items. 

Love argued that he was attempting to show that Jared was involved in the burglary and that he had Jared’s permission to be in the house.  But testimony established that Jared had been kicked out of the house and was not living there at the time of the burglary.  Testimony concerning 
why
 Jared was kicked out or concerning prior burglaries was not relevant to any issue in controversy, including Love’s defensive theories. 
 
See Lackey v. State
, 777 S.W.2d 199, 200 (Tex. App.—Fort Worth 1989, no pet.) (holding excluded evidence was not relevant to offense being tried, and alternatively any probative value was outweighed by danger of confusion of issues).  
We hold that the trial court’s decisions to exclude testimony concerning any prior burglaries and the reasons Jared was kicked out of the house do not fall outside the “zone of reasonable disagreement”; thus, the trial court did not abuse its discretion by excluding the testimony. 
 
See Weatherred
, 15 S.W.3d at 542; 
Montgomery
, 810 S.W.2d at 391.  We overrule Love’s second point.

VI.  Unsworn Motion For Continuance Properly Denied

In his third point, Love contends that the trial court erred by denying his motion for continuance.  Love filed a motion asking the trial court to continue the case because witnesses needed to be found and interviewed.  

All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance.  
Tex. Code Crim. Proc. Ann.
 art. 29.08 (Vernon 1989).  The trial court does not err by refusing to grant a motion for continuance that does not comply with the requirements of article 29.08 of the code of criminal procedure.  
Pine v. State
, 889 S.W.2d 625, 630 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d), 
cert. denied
, 516 U.S. 914 (1995).  Moreover, a motion for new trial is required to preserve error from the denial of a motion seeking continuance based on an absent witness.  
See Outland v. State
, 810 S.W.2d 474, 475 (Tex. App.—Fort Worth 1991, pet. ref’d) (relying on 
Taylor v. State
, 612 S.W.2d 566, 569 (Tex. Crim. App. [Panel Op.] 1981)).

Love’s motion for continuance was unsworn, and he did not file a motion for new trial.  Consequently, any error stemming from the trial court’s denial of his motion for continuance is not properly before us.  We overrule Love’s third point.

VII.  Alleged Hearsay Statement Was Properly Admitted

In his fourth point, Love claims that the trial court erred by admitting into evidence a hearsay statement.  Specifically, Love complains about the following testimony that the State elicited from Detective Rumsey during the guilt-innocence phase:

[STATE]:  When you spoke with Danielle as part of your investigation, did she indicate to you that she asked Mr. Love if he knew her brother?

[DEFENSE COUNSEL]:  Objection.  Calls for hearsay.

THE COURT:  Overruled.

[DETECTIVE RUMSEY]:  I’m sorry, could you one more time?

[STATE]:  I’ll try.  When you were speaking with Danielle during the investigation, did she indicate to you that she asked Mr. Love if he knew her brother Jared –

[DEFENSE COUNSEL]:  Same objection.

[STATE]:  -- or was with her brother Jared?

[DEFENSE COUNSEL]:  Excuse me.  Same objection.

THE COURT:  That objection is overruled.

[DETECTIVE RUMSEY]:  She did ask.

It is well-established that the improper admission of evidence does not constitute reversible error if the same facts are proved by other properly admitted evidence.  
See Brooks v. State
, 990 S.W.2d 278, 287 (Tex. Crim. App.) (holding that any error in the admission of hearsay testimony was harmless in light of other properly admitted evidence proving same fact), 
cert. denied
, 528 U.S. 956 (1999).  This rule applies whether the other evidence was received without objection before or after the complained-of ruling and whether such evidence was introduced by the defendant or the State.  
Leday v. State
, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

During the trial, the State called Danielle Butschek as its first witness.  She testified that during the burglary, when she encountered Love, she asked if Love was with her brother, Jared, and Love said, “[Y]es, I’m with Jared.” When she asked where Jared was, Love ran past her and ran down the stairs.  Love did not object to this testimony.  Consequently, the evidence that Love complains of had already been properly admitted through the testimony of another witness without objection.  Therefore, we hold that no error occurred when the trial court overruled Love’s hearsay objection, set forth above, during the State’s questioning of Detective Rumsey.  We overrule Love’s fourth point.

VIII.  Conclusion

Having overruled each of Love’s four points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 2, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Miranda v. Arizona
, 384 U.S. 436, 86 S. Ct. 1602 (1966).