COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-425-CR
 
  
JAMES 
BERT LOVE, JR.                                                         APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
        Appellant 
James Bert Love, Jr. appeals his conviction for burglary of a habitation. After 
Love pleaded not guilty, a jury found him guilty and assessed his punishment at 
twenty-five years’ confinement. The trial court sentenced him accordingly. 
Love raises four points, complaining about the trial court’s failure to 
exclude his confession, failure to admit relevant evidence, failure to grant his 
motion for continuance, and failure to exclude a hearsay statement. We will 
affirm.
II. Factual 
Background
        On 
November 21, 2003, sixteen-year-old Danielle Butschek stayed home from high 
school because she was sick. Noises in her house awakened her as she was trying 
to sleep. She got up and encountered a male in her house, whom she believed was 
with her brother, and a female. She eventually realized that these two 
individuals were burglarizing her family’s home and that her brother was not 
with them. A week after the incident, police showed Danielle a photo spread, and 
she was able to identify the male and female intruders that she saw in her house 
on the day of the burglary. The male whom she identified was Love. After police 
arrested Love for his participation in the burglary, he gave a written statement 
to police, confessing to stealing spare keys and jewelry from the Butscheks’s 
house.
III. 
Suppression Hearing
        The 
trial court held a hearing outside the presence of the jury on Love’s motion 
to suppress his confession.  Detective Vincent Rumsey testified that Love 
was arrested by Officer Guerrero on December 1, 2003 for the November 21, 2003 
burglary of the Butschek residence.  Officer Guerrero transported Love to 
the police department.
        At 
the police department at 8:57 p.m., Detective Rumsey read Love the Miranda 
warnings.[2]   Love signed the Miranda 
warnings and agreed to speak with Detective Rumsey.  Love discussed the 
details of the burglary with Detective Rumsey.  At 10:50 p.m., Detective 
Rumsey asked Love to write out a statement.  Detective Rumsey advised Love 
of his rights again; Love again indicated that he understood his rights.  
Love waived his rights and agreed to make a written statement.  Love said 
that he was very tired and asked Detective Rumsey to write the statement.  
Detective Rumsey explained in the opening sentence of the statement that Love 
had asked to dictate his statement while Detective Rumsey wrote. Detective 
Rumsey wrote Love’s words verbatim and read the finished statement to Love; 
Love followed along, reading from a copy.  Detective Rumsey offered to make 
any changes that Love requested to the statement, but Love did not request any 
changes and signed the statement.
        Detective 
Rumsey testified that Love did not appear to be incoherent, only very 
tired.  Detective Rumsey stated that Love nodded off a couple of times 
after giving the statement and said that Love claimed to have been awake for two 
days.  Detective Rumsey noted that during the interview, however, Love 
never requested an attorney; was never denied food, drink, or access to a 
restroom; was never made any promises in exchange for his written statement; and 
never requested to terminate the discussion because he was too tired to 
continue.
        At 
the conclusion of the suppression hearing, the trial court stated, “Okay. All 
right.  The Court will find that the statement was taken pursuant to 
Article 38.22 and its requirements.  I find that it should be admissible 
under 38.23 and all of the applicable Constitutional provisions [and] will deny 
the motion to suppress.”
IV. Voluntary 
Confession Admitted Into Evidence
        In 
his first point, Love argues that the trial court erred by admitting his 
statement into evidence and by failing to comply with Texas Code of Criminal 
Procedure article 38.22, section 6, requiring the court to make a specific 
finding concerning the voluntariness of his statement.  The State responds 
that Love’s statement was not the result of coercive police conduct and was 
not involuntarily made and that the trial court was not required to make 
findings of fact.
        We 
review a trial court's ruling on a motion to suppress evidence under a 
bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323, 
327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. 
Crim. App. 1997).  In reviewing the trial court's decision, we do not 
engage in our own factual review.  Romero v. State, 800 S.W.2d 539, 
543 (Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. 
App.—Fort Worth 2003, no pet.).  At a suppression hearing, the trial 
judge is the sole trier of fact and judge of the credibility of the witnesses 
and the weight to be given their testimony. State v. Ross, 32 S.W.3d 853, 
855 (Tex. Crim. App. 2000).  Therefore, we give almost total deference to 
the trial court's rulings on (1) questions of historical fact and (2) 
application-of-law-to-fact questions that turn on an evaluation of credibility 
and demeanor.  Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. 
App. 2002); Best, 118 S.W.3d at 861-62.  However, we review de novo 
a trial court's rulings on mixed questions of law and fact if they do not turn 
on the credibility and demeanor of witnesses.  Johnson, 68 S.W.3d at 
652-53.
        “The 
determination of whether a confession is voluntary is based on an examination of 
the totality of circumstances surrounding its acquisition.”  Wyatt 
v. State, 23 S.W.3d 18, 23 (Tex. Crim. App. 2000); Penry v. State, 
903 S.W.2d 715, 744 (Tex. Crim. App.), cert. denied, 516 U.S. 977 
(1995).  The statement of an accused may be used in evidence against him if 
it appears that it was freely and voluntarily made without compulsion or 
persuasion.  Wyatt; 23 S.W.3d at 23; see also Tex. Code Crim. Proc. Ann. art. 38.21 
(Vernon 2005).  “Lack of sleep or food alone, will not render 
appellant’s confession involuntary.”  Chambers v. State, 866 
S.W.2d 9, 20 (Tex. Crim. App. 1993), cert. denied, 511 U.S. 1100 
(1994).  Police overreaching or coercion is the integral element necessary 
to support an involuntariness finding.  Perry v. State, 158 S.W.3d 
438, 446 (Tex. Crim. App. 2004) (citing Colorado v. Connelly, 479 U.S. 
157, 163-66, 107 S. Ct. 515, 519-21 (1986)).
        Here, 
the record does not demonstrate police overreaching or coercion.  The 
police made no promises in exchange for Love’s written statement and did not 
deny him food, drink, or access to a restroom. Love argues that his fatigue made 
his confession involuntary, but the evidence does not establish that he was 
concerned by his lack of sleep on the night he gave his confession.  He did 
not indicate he was too tired to complete the statement or request to terminate 
the discussion in order to rest. The record before us merely shows that Love 
lacked sleep; it does not indicate that police coerced his confession by 
purposefully depriving him of sleep.  See Barney v. State, 
698 S.W.2d 114, 121 (Tex. Crim. App. 1985); Rodriquez v. State, 934 
S.W.2d 881, 890 (Tex. App.—Waco 1996, no pet.).  Viewing the totality of 
the circumstances, we hold that the trial court did not abuse its discretion by 
admitting Love’s statement into evidence.  See Wyatt, 23 S.W.3d at 
23.
        Love 
also argues under his first point that the trial court failed to make a specific 
finding that his statement was made voluntarily. It is true that the trial court 
is required to make a voluntariness finding in all cases in which a question is 
raised as to the voluntariness of an accused’s statement. See Tex. Code Crim. Proc. Ann. art. 38.22, 
§ 6 (Vernon 2005).  Despite the language of article 38.22, however, a 
trial court is not obligated to file findings of fact on the issue of 
voluntariness when the evidence does not raise a disputed question of fact 
surrounding the taking of the statement from the defendant.  See Perez 
v. State, 674 S.W.2d 851, 854 (Tex. App.—Corpus Christi 1984, no 
pet.).  Here, no disputed issue of fact exists concerning the taking of 
Love’s statement.  No evidence exists that Love’s statement was not 
voluntary; during the suppression hearing Love did not testify, he did not call 
witnesses on his own behalf, and his cross-examination of Detective Rumsey did 
not expose any police coercion or overreaching.  As stated above, the 
record before us merely shows that Love lacked sleep. Consequently, the trial 
court was not required to find facts; instead, it was only required to apply the 
law to the undisputed facts.  The trial court satisfied this requirement by 
concluding on the record that “the statement was taken pursuant to Article 
38.22 and its requirements” and “should be admissible under 38.23 and all of 
the applicable Constitutional provisions.”  Thus, we hold that findings 
of fact were not required, and we hold that the trial court made appropriate 
conclusions of law.  We decline to abate this appeal.  See Homan v. 
Hughes, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986) (stating that the law 
does not compel us to require courts to perform useless tasks).  We 
overrule Love’s first point.
V. Impeachment 
Evidence Properly Excluded
        In 
his second point, Love complains that on seven occasions the trial court 
sustained the State’s relevancy objections and prohibited him from obtaining 
answers to questions he claims constituted “impeachment evidence.”  
Specifically, Love claims that the trial court erred by sustaining the State’s 
objections to the following questions Love wanted to ask: (1) asking Danielle 
whether her brother Jared had parties at their parents’ house without their 
permission, (2) asking Michael Butschek, Danielle’s father, whether his house 
had ever been burglarized prior to November 21, 2003, (3) asking Michael why his 
son Jared had been kicked out of the house, (4) asking Michael whether Jared had 
ever lied to him, (5) asking Michael how his neighbor Carol Broney obtained the 
names of the suspects, (6) asking Detective Rumsey whether Danielle would be 
wrong if she told Officer Garcia that the man she saw was twenty years old, five 
feet tall, and 120 pounds, and (7) asking Detective Rumsey whether Carol 
Broney’s son Chris was unwilling to cooperate with police.  Love argues 
that these questions constituted proper impeachment of a hearsay declarant and 
were relevant to his defensive theory regarding whether Jared gave him 
permission to be in the Butscheks’s house.
        A.     Standard 
of Review
        The 
general rule is that in order to preserve a complaint for our review, a party 
must have presented to the trial court a timely request, objection, or motion 
that states the specific grounds for the desired ruling if they are not apparent 
from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); Mosley v. 
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999).  Further, the trial court must have ruled 
on the request, objection, or motion, either expressly or implicitly, or the 
complaining party must have objected to the trial court’s refusal to rule. Tex. R. App. P. 33.1(a)(2); Mendez v. 
State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).
        B.     Impeachment 
of Hearsay Declarant
        Love 
appears to argue that the State opened the door for him to impeach Michael 
Butschek about whether Jared was at home during the burglary.  However, the 
record reveals that Love failed to argue admissibility on the basis of 
impeachment of a hearsay declarant.  Therefore, Love forfeited this 
complaint on appeal.  See Heidelberg v. State, 144 S.W.3d 535, 
542-43 (Tex. Crim. App. 2004) (holding that appellant failed to preserve error 
because his complaint on appeal did not comport with complaint made in trial 
court).
        C.     Exclusion 
of Testimony
                1.     Inadequate 
Offer of Proof
        In 
an effort to show that he was in the Butschek house with Jared’s permission, 
Love asked Danielle whether Jared held parties at the house without his 
parent’s permission and asked Michael whether Jared ever lied. Love also 
attempted to ask Detective Rumsey whether Danielle’s physical description of 
Love was inaccurate.  As previously indicated, the trial court sustained 
the State’s objections to each of these inquiries.
        To 
preserve error, the substance of the excluded evidence must be shown by offer of 
proof unless it is apparent from the context of the questions asked.  Tex. R. Evid. 103(a)(2); Tex. R. App. P. 33.2; Fairow v. State, 
943 S.W.2d 895, 904 n.2 (Tex. Crim. App. 1997); Chambers, 866 S.W.2d at 
27.  Error may be preserved by an offer of proof in question and answer 
form or in the form of a concise statement by counsel. Tex. R. Evid. 103(b); Love v. State, 
861 S.W.2d 899, 901 (Tex. Crim. App. 1993).  Counsel’s concise statement 
must include a summary of the proposed testimony.  Love, 861 S.W.2d 
at 901. Error is not preserved if the offer of proof is inadequate.  Warner 
v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998).
        Love 
did not make an offer of proof or bill of exceptions establishing how Danielle 
or Detective Rumsey would have answered these particular questions.  Love 
did make an offer of proof during Michael’s testimony, but he did not ask 
Michael whether Jared had ever lied to him.  Consequently, we hold that 
Love failed to preserve error regarding the exclusion of this testimony.  See 
Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999) (stating that 
absent a showing of what such testimony would have been, or an offer of a 
statement concerning what the excluded evidence would show, nothing is presented 
for review), cert. denied, 531 U.S. 837 (2000).
                2.     Asked and 
Answered Elsewhere
        Love 
also complains that he was not allowed to ask Michael how Carol Broney obtained 
the names of the suspects and that he was not allowed to ask Detective Rumsey 
whether Carol Broney’s son Chris was unwilling to cooperate with police.  
A review of the record demonstrates that, although Love was not allowed to ask 
Michael how Carol Broney obtained the names of the suspects, he obtained the 
answer later when he posed, and Detective Rumsey answered, a similar 
question.  The record also demonstrates that the State did not object when 
Love questioned Detective Rumsey about whether Carol Broney’s son Chris was 
unwilling to cooperate with police, and Love received a response to this 
question.  Therefore, because the testimony Love sought to elicit from 
Michael was ultimately admitted, although through other witnesses, the trial 
court’s exclusion of Michael’s testimony on the same point did not prevent 
Love from presenting his defensive theories.
                3.     Relevance
        During 
the trial, Michael testified that Jared was not living at home at the time of 
the burglary because he had been kicked out of the house.  The trial court 
also sustained the State’s relevancy objections when Love asked Michael why 
Jared had been kicked out of the house and whether the house had ever been 
burglarized before.
        We 
review a trial court's ruling to admit or exclude evidence under an abuse of 
discretion standard.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex. 
Crim. App. 2000); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. 
App. 1991) (op. on reh'g).  If the court's decision falls outside the 
“zone of reasonable disagreement,” it has abused its discretion.  Weatherred, 
15 S.W.3d at 542; Montgomery, 810 S.W.2d at 391.
        Texas 
Rule of Evidence 403 provides that even relevant evidence may be excluded if its 
probative value is substantially outweighed by the danger of unfair 
prejudice.  Tex. R. Evid. 
403.  However, under rule 403, only “unfair” prejudice provides the 
basis for exclusion of relevant evidence.  Montgomery, 810 S.W.2d at 
389.  Unfair prejudice does not mean “that the evidence injures the 
opponent's case--the central point of offering evidence.”  Rogers v. 
State, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999).  Rather, unfair 
prejudice arises only from evidence that has an undue tendency to suggest that a 
decision be made on an improper basis, commonly an emotional one.  Id.
        During 
the defense’s offer of proof, Michael testified that the main reason that 
Jared was kicked out of the house was that Jared would not follow the house 
rules.  Michael also testified during the offer of proof that some 
property, including compact disks and guns, was missing from the house and that 
he suspected that Jared took the items.
        Love 
argued that he was attempting to show that Jared was involved in the burglary 
and that he had Jared’s permission to be in the house.  But testimony 
established that Jared had been kicked out of the house and was not living there 
at the time of the burglary.  Testimony concerning why Jared was 
kicked out or concerning prior burglaries was not relevant to any issue in 
controversy, including Love’s defensive theories.  See Lackey v. State, 
777 S.W.2d 199, 200 (Tex. App.—Fort Worth 1989, no pet.) (holding excluded 
evidence was not relevant to offense being tried, and alternatively any 
probative value was outweighed by danger of confusion of issues).  We hold 
that the trial court’s decisions to exclude testimony concerning any prior 
burglaries and the reasons Jared was kicked out of the house do not fall outside 
the “zone of reasonable disagreement”; thus, the trial court did not abuse 
its discretion by excluding the testimony.  See Weatherred, 15 
S.W.3d at 542; Montgomery, 810 S.W.2d at 391.  We overrule Love’s 
second point.
VI. Unsworn 
Motion For Continuance Properly Denied
        In 
his third point, Love contends that the trial court erred by denying his motion 
for continuance.  Love filed a motion asking the trial court to continue 
the case because witnesses needed to be found and interviewed.
        All 
motions for continuance must be sworn to by a person having personal knowledge 
of the facts relied on for the continuance. Tex. Code Crim. Proc. Ann. art. 29.08 
(Vernon 1989).  The trial court does not err by refusing to grant a motion 
for continuance that does not comply with the requirements of article 29.08 of 
the code of criminal procedure.  Pine v. State, 889 S.W.2d 625, 630 
(Tex. App.—Houston [14th Dist.] 1994, pet. ref’d), cert. denied, 516 
U.S. 914 (1995).  Moreover, a motion for new trial is required to preserve 
error from the denial of a motion seeking continuance based on an absent 
witness.  See Outland v. State, 810 S.W.2d 474, 475 (Tex. 
App.—Fort Worth 1991, pet. ref’d) (relying on Taylor v. State, 612 
S.W.2d 566, 569 (Tex. Crim. App. [Panel Op.] 1981)).
        Love’s 
motion for continuance was unsworn, and he did not file a motion for new 
trial.  Consequently, any error stemming from the trial court’s denial of 
his motion for continuance is not properly before us.  We overrule Love’s 
third point.
VII. Alleged 
Hearsay Statement Was Properly Admitted
        In 
his fourth point, Love claims that the trial court erred by admitting into 
evidence a hearsay statement.  Specifically, Love complains about the 
following testimony that the State elicited from Detective Rumsey during the 
guilt-innocence phase:
  
[STATE]: When you spoke with Danielle as part of your investigation, did she 
indicate to you that she asked Mr. Love if he knew her brother?
 
[DEFENSE 
COUNSEL]: Objection. Calls for hearsay.
 
THE 
COURT: Overruled.
 
[DETECTIVE 
RUMSEY]: I’m sorry, could you one more time?
 
[STATE]: 
I’ll try. When you were speaking with Danielle during the investigation, did 
she indicate to you that she asked Mr. Love if he knew her brother Jared –
 
[DEFENSE 
COUNSEL]: Same objection.
 
[STATE]: 
-- or was with her brother Jared?
 
[DEFENSE 
COUNSEL]: Excuse me. Same objection.
 
THE 
COURT: That objection is overruled.
 
[DETECTIVE 
RUMSEY]: She did ask.
  
        It 
is well-established that the improper admission of evidence does not constitute 
reversible error if the same facts are proved by other properly admitted 
evidence.  See Brooks v. State, 990 S.W.2d 278, 287 (Tex. Crim. 
App.) (holding that any error in the admission of hearsay testimony was harmless 
in light of other properly admitted evidence proving same fact), cert. denied, 
528 U.S. 956 (1999).  This rule applies whether the other evidence was 
received without objection before or after the complained-of ruling and whether 
such evidence was introduced by the defendant or the State.  Leday v. 
State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).
        During 
the trial, the State called Danielle Butschek as its first witness.  She 
testified that during the burglary, when she encountered Love, she asked if Love 
was with her brother, Jared, and Love said, “[Y]es, I’m with Jared.”  
When she asked where Jared was, Love ran past her and ran down the stairs.  
Love did not object to this testimony.  Consequently, the evidence that 
Love complains of had already been properly admitted through the testimony of 
another witness without objection.  Therefore, we hold that no error 
occurred when the trial court overruled Love’s hearsay objection, set forth 
above, during the State’s questioning of Detective Rumsey.  We overrule 
Love’s fourth point.
VIII. 
Conclusion
        Having 
overruled each of Love’s four points, we affirm the trial court’s judgment.
   
   
                                                          SUE 
WALKER
                                                          JUSTICE
  
  
 
PANEL 
B:   LIVINGSTON, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 2, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).